## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

**LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**WEXFORD HEALTH SOURCES INCORPORATED,**

**Defendant.**

Civil Action No. 3:23-cv-00476
Honorable Robert C. Chambers

## DEFENDANT WEXFORD HEALTH SOURCES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** the Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford"), by counsel, Jordan K. Herrick, Harrison M. Cyrus, and the law firm of Bailey & Wyant, PLLC, and for its Answer and Affirmative Defenses to the Complaint filed herein and against it does hereby answer and respond to same as follows:

### FIRST AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiffs have failed to allege any claim or cause of action for which relief may be granted, therefore, it is proper for this Court to enter an Order dismissing the Complaint.

### SECOND AFFIRMATIVE DEFENSE

This Defendant specifically denies each and every allegation contained in the Complaint, not specifically admitted to herein. With regard to the specific individual paragraphs contained in the Complaint, this Defendant asserts as follows:

1

1.      In response to Paragraph 1 of the Complaint, this Defendant admits that it is a corporation that provides prison health care to various jurisdictions throughout the country but denies the remainder of the allegations contained in Paragraph 1 and demands strict proof thereof.

2.      This Defendant denies the allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3.      This Defendant denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.      Paragraph 4 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

5.      Paragraph 5 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

6.      In response to Paragraph 6 of the Complaint, this Defendant denies that this Defendant maintains a policy that denies MOUD to treat OUD and demands strict proof thereof. The remainder of the allegations contained in Paragraph 6 do not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

7.      Paragraph 7 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

8.      Paragraph 8 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant

denies same and demands strict proof thereof.

9.      This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     This Defendant denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11.     This Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

13.     This Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     In response to Paragraph 14 of the Complaint, this Defendant is without sufficient information to admit or deny whether Plaintiff Spurlock had been previously diagnosed with OUD and treated with prescribed MOUD and therefore denies same and demands strict proof thereof. This Defendant denies the remainder of the allegations contained within Paragraph 14 and demands strict proof thereof.

15.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16.     In response to Paragraph 16 of the Complaint, this Defendant admits that Plaintiff Smith brought her Suboxone and other medications with her to South Central Regional Jail. This Defendant admits that Wexford has served as the medical contractor for all jails and prisons in West Virginia, including South Central Regional Jail since June 2022. In response to the remainder of the allegations contained in Paragraph 16, this Defendant is without sufficient information to admit or

deny same and therefore denies same and demands strict proof thereof.

17.     In response to Paragraph 17 of the Complaint, this Defendant admits that after Plaintiff Smith arrived at the jail, this Defendant verified her prescriptions, including one for MOUD. This Defendant specifically denies that it refused to provide Plaintiff Smith with her prescribed MOUD and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 17, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof.

18.     In response to Paragraph 18 of the Complaint, this Defendant denies that it cruelly denied Plaintiff Zmudzinski prescribed medication for OUD while at one of its contracted facilities and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 18, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof.

19.     This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, this Defendant is without sufficient information not admit or deny that Plaintiff Zmudzinski was arrested in November 2021 for a technical probation violation for associating with another person with a felony conviction – an individual he was attending sobriety meetings with – and forced to withdraw from his MOUD while incarcerated in San Juan, New Mexico, and therefore denies same and demands strict proof thereof. This Defendant denies that Plaintiff Zmudzinski was forced to withdraw from his MOUD while in a Wexford-staffed prison in Los Lunas, New Mexico and Las Cruces, New Mexico, and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 20, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof.

4

21.     This Defendant denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

23.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies same and demands strict proof thereof.

24.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

25.     This Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.     This Defendant denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.     The allegations stated in Paragraph 27 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 27, this Defendant denies same and demands strict proof thereof.

28.     The allegations stated in Paragraph 28 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 28, this Defendant denies same and demands strict proof thereof.

29.     The allegations stated in Paragraph 29 of the Complaint state a legal conclusion to

which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 29, this Defendant denies same and demands strict proof thereof. Furthermore, this Defendant specifically denies that it committed unconstitutional and tortious acts in this State through an alleged categorical refusal to provide medically necessary treatment in this State for OUD or caused injury to anyone in connection with the same, and demands strict proof thereof.

30.     The allegations stated in Paragraph 30 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 30, this Defendant denies same and demands strict proof thereof.

31.     Paragraph 31 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

32.     Paragraph 32 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

33.     Paragraph 33 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

34.     Paragraph 34 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

35.     Paragraph 35 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

36.     Paragraph 36 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

37.     Paragraph 37 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

38.     Paragraph 38 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

39.     Paragraph 39 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

40.     Paragraph 40 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

41.     This Defendant denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42.     Paragraph 42 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

43.     Paragraph 43 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

44.     Paragraph 44 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

45.     Paragraph 45 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

46.     Paragraph 46 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

47.     Paragraph 47 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

48.     Paragraph 48 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

49.     Paragraph 49 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

50.     Paragraph 50 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

51.     Paragraph 51 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

52.     Paragraph 52 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

53.     Paragraph 53 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

54.     Paragraph 54 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

55.     Paragraph 55 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

56.     Paragraph 56 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

57.     Paragraph 57 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

58.     Paragraph 58 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant

denies same and demands strict proof thereof.

59.      Paragraph 59 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

60.      Paragraph 60 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

61.      Paragraph 61 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

62.      Paragraph 62 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

63.      Paragraph 63 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

64.      Paragraph 64 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

65.      Paragraph 65 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

66.      Paragraph 66 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

67.     Paragraph 67 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

68.     Paragraph 68 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

69.     Paragraph 69 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

70.     Paragraph 70 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

71.     Paragraph 71 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

72.     Paragraph 72 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

73.     Paragraph 73 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

11

74.     Paragraph 74 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

75.     Paragraph 75 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

76.     Paragraph 76 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

77.     Paragraph 77 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

78.     Paragraph 78 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

79.     Paragraph 79 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

80.     Paragraph 80 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

81.     Paragraph 81 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant

denies same and demands strict proof thereof.

82.     Paragraph 82 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

83.     Paragraph 83 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

84.     Paragraph 84 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

85.     Paragraph 85 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

86.     Paragraph 86 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

87.     Paragraph 87 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

88.     Paragraph 88 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

89.     Paragraph 89 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

90.     This Defendant denies the allegations contained in Paragraph 90 of the Complaint and demands strict proof thereof.

91.     Paragraph 91 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

92.     Paragraph 92 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

93.     Paragraph 93 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

94.     Paragraph 94 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

95.     Paragraph 95 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

96.     Paragraph 96 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

97.     Paragraph 97 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

98.     Paragraph 98 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

99.     Paragraph 99 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

100.     Paragraph 100 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

101.     Paragraph 101 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

102.     Paragraph 102 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

103.     Paragraph 103 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

104.     Paragraph 104 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

15

105.    Paragraph 105 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

106.    Paragraph 106 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

107.    Paragraph 107 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

108.    Paragraph 108 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

109.    Paragraph 109 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

110.    Paragraph 110 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

111.    Paragraph 111 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

112.    Paragraph 112 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant

denies same and demands strict proof thereof.

113.    Paragraph 113 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

114.    Paragraph 114 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

115.    Paragraph 115 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

116.    Paragraph 116 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

117.    Paragraph 117 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

118.    Paragraph 118 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

119.    Paragraph 119 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

120.    Paragraph 120 of the Complaint does not contain any allegations to which this

Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

121.    This Defendant denies the allegations contained in Paragraph 121 of the Complaint and demands strict proof thereof.

122.    In response to Paragraph 122 of the Complaint, this Defendant denies that it categorically refuses needed MOUD to its patients and forcing them into withdrawal and demands strict proof thereof. This Defendant admits that it provides MOUD to pregnant patients receiving OUD treatment prior to incarceration. This Defendant denies any and all other allegations contained in Paragraph 122 not specifically admitted and demands strict proof thereof.

123.    In response to Paragraph 123 of the Complaint, this Defendant denies that it forces post-partum individuals off MOUD after giving birth and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 123, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof.

124.    In response to Paragraph 124 of the Complaint, to the extent these allegations are taken directly from the alleged guidelines, the guidelines speak for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.

125.    In response to Paragraph 125 of the Complaint, to the extent these allegations are taken directly from the alleged guidelines, the guidelines speak for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.

126.    This Defendant denies the allegations contained in Paragraph 126 of the Complaint and demands strict proof thereof.

127.    This Defendant denies the allegations contained in Paragraph 127 of the Complaint and demands strict proof thereof.

18

128.     This Defendant denies the allegations contained in Paragraph 128 of the Complaint and demands strict proof thereof.

129.     This Defendant denies the allegations contained in Paragraph 129 of the Complaint and demands strict proof thereof.

130.     In response to Paragraph 130 of the Complaint, to the extent these allegations are taken directly from the alleged contract, the contract speaks for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.

131.     This Defendant denies the allegations contained in Paragraph 131 of the Complaint and demands strict proof thereof.

132.     In response to Paragraph 132 of the Complaint, to the extent these allegations are taken directly from the alleged policy manual, the policy manual speaks for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.

133.     This Defendant denies the allegations contained in Paragraph 133 of the Complaint and demands strict proof thereof.

134.     This Defendant denies the allegations contained in Paragraph 134 of the Complaint and demands strict proof thereof.

135.     This Defendant denies the allegations contained in Paragraph 135 of the Complaint and demands strict proof thereof.

136.     In response to Paragraph 136 of the Complaint, to the extent these allegations are taken directly from the alleged Medical Guidelines, the Medical Guidelines speak for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.

137.     This Defendant denies the allegations contained in Paragraph 137 of the Complaint

and demands strict proof thereof.

138.    This Defendant denies the allegations contained in Paragraph 138 of the Complaint and demands strict proof thereof.

139.    This Defendant denies the allegations contained in Paragraph 139 of the Complaint and demands strict proof thereof.

140.    This Defendant denies the allegations contained in Paragraph 140 of the Complaint and demands strict proof thereof.

141.    This Defendant denies the allegations contained in Paragraph 141 of the Complaint and demands strict proof thereof.

142.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 142 of the Complaint and therefore denies same and demands strict proof thereof.

143.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 143 of the Complaint and therefore denies same and demands strict proof thereof.

144.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 144 of the Complaint and therefore denies same and demands strict proof thereof.

145.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 145 of the Complaint and therefore denies same and demands strict proof thereof.

146.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 146 of the Complaint and therefore denies same and demands strict proof

thereof.

147.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 147 of the Complaint and therefore denies same and demands strict proof thereof.

148.    This Defendant admits the allegations contained in Paragraph 148 of the Complaint.

149.    In response to Paragraph 149 of the Complaint, this Defendant is without sufficient information to admit or deny whether Plaintiff Spurlock had been previously diagnosed with OUD and treated with prescribed MOUD and therefore denies same and demands strict proof thereof. This Defendant denies the remainder of the allegations contained within Paragraph 149 and demands strict proof thereof.

150.    In response to Paragraph 150 of the Complaint, this Defendant admits that it contracted to provide all medical care to the prisons and jails in West Virginia as of June 2022. In response to the allegation that the contract promised to allow patients who were on MOUD to continue their treatment, this Defendant avers that the alleged contract and language contained therein speaks for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.  This Defendant denies the remainder of the allegations contained in Paragraph 150 and demands strict proof thereof.

151.    This Defendant denies the allegations contained in Paragraph 151 of the Complaint and demands strict proof thereof.

152.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 152 of the Complaint and therefore denies same and demands strict proof thereof.

153.    This Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 153 of the Complaint and therefore denies same and demands strict proof thereof.

154.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 154 of the Complaint and therefore denies same and demands strict proof thereof.

155.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 155 of the Complaint and therefore denies same and demands strict proof thereof.

156.    In response to Paragraph 156 of the Complaint, this Defendant admits that it contracted to provide all medical care to the prisons and jails in West Virginia as of June 2022. In response to the allegation that the contract promised to allow patients who were on MOUD to continue their treatment, this Defendant avers that the alleged contract and language contained therein speaks for itself and should be read in its entity and therefore, this Defendant denies same and demands strict proof thereof.  This Defendant denies the remainder of the allegations contained in Paragraph 156 and demands strict proof thereof.

157.    In response to Paragraph 157 of the Complaint, this Defendant denies that it denied Plaintiff Smith her prescription medications to treat her insomnia and her anxiety, as well as non-prescription baby aspirin needed to prevent a recurrence of cancer and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 157, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof. By way of further answer, this Defendant denies that its actions caused Plaintiff Smith to enter into terrible withdrawal and demands strict proof thereof.

158.    This Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 158 of the Complaint and therefore denies same and demands strict proof thereof.

159.    This Defendant denies the allegations contained in Paragraph 159 of the Complaint and demands strict proof thereof.

160.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 160 of the Complaint and therefore denies same and demands strict proof thereof.

161.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 161 of the Complaint and therefore denies same and demands strict proof thereof.

162.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 162 of the Complaint and therefore denies same and demands strict proof thereof.

163.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 163 of the Complaint and therefore denies same and demands strict proof thereof.

164.    In response to Paragraph 164 of the Complaint, to the extent these allegations are taken directly from medical records regarding medical treatment rendered to Plaintiff Zmudzinski, the medical records speak for themselves and should be read in their entity and therefore, this Defendant denies same and demands strict proof thereof.

165.    This Defendant denies the allegations contained in Paragraph 165 of the Complaint and demands strict proof thereof.

166.    This Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 166 of the Complaint and therefore denies same and demands strict proof thereof. To the extent Plaintiff alleges that the actions of this Defendant were the cause of Plaintiff Zmudzinski's allegations contained in Paragraph 166, this Defendant categorically denies the same and demands strict proof thereof.

167.    In response to Paragraph 167 of the Complaint, this Defendant denies that it failed to treat Plaintiff Zmudzinski's OUD or that he suffered emotional torment as a result thereof and demands strict proof thereof. In response to the remainder of the allegations contained in Paragraph 167, this Defendant is without sufficient information to admit or deny same and therefore denies same and demands strict proof thereof.

168.    This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 168 of the Complaint and therefore denies same and demands strict proof thereof.

169.    Paragraph 169 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

170.    Paragraph 170 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

171.    Paragraph 171 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant denies same and demands strict proof thereof.

172.    Paragraph 172 of the Complaint does not contain any allegations to which this Defendant is required to respond. To the extent a response is deemed necessary, this Defendant

denies same and demands strict proof thereof.

173.   The allegations stated in Paragraph 173 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 173, this Defendant denies same and demands strict proof thereof.

174.   The allegations stated in Paragraph 174 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 174, this Defendant denies same and demands strict proof thereof.

175.   The allegations stated in Paragraph 175 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 175, this Defendant denies same and demands strict proof thereof.

176.   The allegations stated in Paragraph 176 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 176, this Defendant denies same and demands strict proof thereof.

177.   The allegations stated in Paragraph 177 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 177, this Defendant denies same and demands strict proof thereof. Furthermore, this Defendant specifically denies that it has a uniform policy or custom of denying MOUD treatment, and demands strict proof thereof.

178.   The allegations stated in Paragraph 178 of the Complaint state a legal conclusion to

which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 178, this Defendant denies same and demands strict proof thereof.

179.    Paragraph 179 of the Complaint is a reincorporation of previously-stated allegations. This Defendant herein reincorporates each of its previous admissions and denials in response to the corresponding allegations.

180.    This Defendant denies the allegations contained in Paragraph 180 of the Complaint and demands strict proof thereof.

181.    This Defendant denies the allegations contained in Paragraph 181 of the Complaint and demands strict proof thereof.

182.    This Defendant denies the allegations contained in Paragraph 182 of the Complaint and demands strict proof thereof.

183.    The allegations stated in Paragraph 183 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 183, this Defendant denies same and demands strict proof thereof.

184.    This Defendant denies the allegations contained in Paragraph 184 of the Complaint and demands strict proof thereof.

185.    This Defendant denies the allegations contained in Paragraph 185 of the Complaint and demands strict proof thereof.

186.    This Defendant denies the allegations contained in Paragraph 186 of the Complaint and demands strict proof thereof.

187.    This Defendant denies the allegations contained in Paragraph 187 of the Complaint

and demands strict proof thereof.

188.    This Defendant denies the allegations contained in Paragraph 188 of the Complaint and demands strict proof thereof.

189.    Paragraph 189 of the Complaint is a reincorporation of previously-stated allegations. This Defendant herein reincorporates each of its previous admissions and denials in response to the corresponding allegations.

190.    This Defendant denies the allegations contained in Paragraph 190 of the Complaint and demands strict proof thereof.

191.    This Defendant denies the allegations contained in Paragraph 191 of the Complaint and demands strict proof thereof.

192.    This Defendant denies the allegations contained in Paragraph 192 of the Complaint and demands strict proof thereof.

193.    The allegations stated in Paragraph 193 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 193, this Defendant denies same and demands strict proof thereof.

194.    This Defendant denies the allegations contained in Paragraph 194 of the Complaint and demands strict proof thereof.

195.    This Defendant denies the allegations contained in Paragraph 195 of the Complaint and demands strict proof thereof.

196.    This Defendant denies the allegations contained in Paragraph 196 of the Complaint and demands strict proof thereof.

197.    This Defendant denies the allegations contained in Paragraph 197 of the Complaint

and demands strict proof thereof.

198.    The allegations stated in Paragraph 198 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 198, this Defendant denies same and demands strict proof thereof.

199.    This Defendant denies the allegations contained in Paragraph 199 of the Complaint and demands strict proof thereof.

200.    This Defendant denies the allegations contained in Paragraph 200 of the Complaint and demands strict proof thereof.

201.    Paragraph 201 of the Complaint is a reincorporation of previously-stated allegations. This Defendant herein reincorporates each of its previous admissions and denials in response to the corresponding allegations.

202.    The allegations stated in Paragraph 202 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 202, this Defendant denies same and demands strict proof thereof.

203.    This Defendant denies the allegations contained in Paragraph 203 of the Complaint and demands strict proof thereof.

204.    This Defendant denies the allegations contained in Paragraph 204 of the Complaint and demands strict proof thereof.

205.    This Defendant denies the allegations contained in Paragraph 205 of the Complaint and demands strict proof thereof.

206.    This Defendant denies the allegations contained in Paragraph 206 of the Complaint

and demands strict proof thereof.

207.    Paragraph 207 of the Complaint is a reincorporation of previously-stated allegations. This Defendant herein reincorporates each of its previous admissions and denials in response to the corresponding allegations.

208.    The allegations stated in Paragraph 208 of the Complaint state a legal conclusion to which no response is necessary by way of admission or denial. If this Defendant is required to respond to the allegations contained in Paragraph 208, this Defendant denies same and demands strict proof thereof.

209.    This Defendant denies the allegations contained in Paragraph 209 of the Complaint and demands strict proof thereof.

210.    This Defendant denies the allegations contained in Paragraph 210 of the Complaint and demands strict proof thereof.

211.    This Defendant denies the allegations contained in Paragraph 211 of the Complaint and demands strict proof thereof.

212.    This Defendant denies the allegations contained in Paragraph 212 of the Complaint and demands strict proof thereof.

213.    This Defendant denies any and all factual allegations contained in the "WHEREFORE" paragraph and its subparts, as well as denies that Plaintiffs are entitled to any of the relief requested therein and further denies any liability and wrongdoing to Plaintiffs and therefore, demands strict proof thereof.

214.    This Defendant denies each and every allegation not specifically admitted herein and therefore, demands strict proof thereof.

215.    This Defendant demands a trial by jury.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FOURTH AFFIRMATIVE DEFENSE

Justification existed at all times for the actions taken by this Defendant.  This Defendant states that at all times relevant to the allegations contained in Plaintiffs' Complaint, it acted in good faith and in accordance with clearly established law.

## FIFTH AFFIRMATIVE DEFENSE

The injuries and damages of which Plaintiffs complain, if any, were not caused in any way by any wrongful or other act of this Defendant; rather, they were caused, if at all, by the negligence, intentional acts, criminal acts, or other wrongful conduct of persons, firms or corporations other than this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant, at all times, acted within its legal rights in the conduct of all activities and with just cause.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiffs' claims are barred by immunity, which includes, but is not limited to, qualified immunity, constitutional immunity, statutory immunity, absolute immunity, and/or sovereign immunity. Accordingly, this Defendant raises so as not to waive the defenses of any and all immunities, protections, and/or other defenses provided to it by the *United States Constitution*, the *Constitution of the State of West Virginia*, the *Constitution of the State of New Mexico*, Federal law and/or State law, and any and all applicable legal and/or statutory damages caps and defenses.

## EIGHTH AFFIRMATIVE DEFENSE

So as to not waive this defense, discovery may show that Plaintiffs are or may be guilty of negligence or wrongdoing, which was equal to or exceeded any alleged negligence or wrongdoing of this Defendant and as such, Plaintiffs are barred from recovery against this Defendant. Further, the Complaint may be barred by the doctrine of comparative and/or contributory negligence. Plaintiffs may be guilty of negligence that was the proximate cause of the injuries alleged, which was greater than the combined fault of all other persons, firms, corporations, or entities responsible for the total amount of damages, if any. As a result, Plaintiffs may be barred from any recovery. To the extent Plaintiffs' fault is less than the combined fault of all other persons, firms, corporations, or entities responsible for the total amount of damages, if any, this Defendant should be entitled to a reduction in any damages proportionate to such degree of fault.

## NINTH AFFIRMATIVE DEFENSE

At all times material herein, this Defendant acted in an objective, reasonable manner and did not violate any legal rights of Plaintiffs, of which this Defendant knew or in the exercise of reasonable diligence should have known. All actions taken by this Defendant were undertaken in good faith and in an objectively reasonable manner and were not malicious or did not violate any clearly established duty, standards, laws, regulations or rules.

## TENTH AFFIRMATIVE DEFENSE

This Defendant asserts that, to the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: failure to exhaust administrative remedies, contributory negligence, comparative negligence, assumption of the risk, sudden emergency, duress, waiver, *estoppel*, fraud, illegality, laches, license, payment, release, *res judicata*, acquiescence, running of the statute of limitations,

lack of personal jurisdiction, lack of subject matter jurisdiction, lack of service of process, improper service of process, improper notice, improper venue, and any other matter constituting an avoidance or affirmative defense.

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend this Answer, to assert additional affirmative defenses as facts supporting such defenses may become known to it during the course of discovery, to assert counterclaims, third-party complaints, cross-claims, notice of non-party at fault, and any other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek contribution and/or indemnification against anyone, as discovery may prove appropriate.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of "unclean hands".

### THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support Plaintiffs' claim for damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiffs, by their actions, may have failed to mitigate their damages or, in the alternative, if Plaintiffs have mitigated their damages, then this Defendant is entitled to have those mitigated damages credited to those amounts, if any, owed by it to Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to raise any additional affirmative defenses which may

arise during the discovery of this matter, including comparative fault of unknown third-parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of governmental, sovereign, and constitutional immunity as contained in the *United States Constitution*, the *Constitution of the State of West Virginia*, the *Constitution of the State of New Mexico*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

All actions taken by this Defendant were privileged and such privilege bars any claims Plaintiff may have against them.

## NINETEENTH AFFIRMATIVE DEFENSE

There were legitimate reasons for all decisions made by this Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have not advanced adequate allegations to advance a civil rights lawsuit against this Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to impose supervisory liability on this Defendant, Plaintiffs have failed to advance a proper supervisory liability claim.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

By virtue of the allegations and claims set forth in the Complaint and all of the defenses herein set forth, Plaintiffs are not entitled to any punitive damages and attorney's fees and/or costs as alleged in the Complaint for the reasons that the alleged conduct, if any, of this Defendant cannot be determined in any manner to give rise to such damages and relief and/or be found to have been willful, wanton or reckless disregard for the rights of Plaintiffs, nor did this Defendant negligently, willfully, wantonly, or recklessly commit any act and/or tortuous acts against Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant asserts its legal rights of indemnification (express and implied) and contribution against all other parties, individuals, or entities, including unnamed parties and entities.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages, if any, asserted against this Defendant may be barred or limited to the extent that any potentially relevant evidence was spoliated before an opportunity to examine it fully was offered.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are speculative in nature, and Plaintiffs are not entitled to the recovery of any damages, which includes future damages, against this Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant asserts so as not to waive any and all defenses provided for in Rules 8 and 12 of the *Federal Rules of Civil Procedure* including lack of jurisdiction of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a party.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The punitive damages Plaintiffs seek would violate this Defendant's rights under the *United States Constitution*, as more particularly explained hereafter:

A.     An award of punitive damages would violate this Defendant's rights to due process and equal protection as guaranteed by the 5th, 8th and 14th Amendments to the *United States Constitution*. The very concept of punitive damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall, incident to punishing a Defendant, represents the taking of property without due process of law.

B.     A punitive damage award, and particularly one of the magnitude sought by the Plaintiffs herein, would deprive this Defendant of its property without due process of law, in violation of the 5th Amendment to the *United States Constitution*.  Further, such an award would violate the prohibition against excessive fines contained in the 8th Amendment to the *United States Constitution*, as embodied in the due process clause of the 14th Amendment to the *United States Constitution*.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The punitive damages sought in Count III of the Complaint may be barred by or limited by the New Mexico Tort Claims Act. Further, the claim for punitive damages is barred by the Constitution of the United States of America as well as the Constitution of the State of New Mexico. Under the facts of this case, a demand for punitive damages is not justified, and an award of punitive damages would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The punitive damages sought in Count IV of the Complaint for would violate this Defendant's rights under the United States and West Virginia Constitutions, as more particularly explained hereafter:

A.     An award of punitive damages would violate this Defendant's rights to due process and equal protection as guaranteed by the 5th, 8th and 14th Amendments to the United States Constitution and Article 3, Sections 5 and 10 of the West Virginia Constitution, in that: (i) West Virginia law provides no adequate or meaningful standard or guide for fixing, determining or reviewing the amount of a punitive damage award.  This Defendant had no advance notice of or means of ascertaining the amount of the penalty it would or might be subject to for the conduct upon

which the award ostensibly is to be based.  (ii) Under West Virginia law, the determination whether to award punitive damages is left to the arbitrary discretion of the trier of fact; there is no adequate or meaningful standard or guide for exercising said discretion.  (iii) No provision of West Virginia law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of punitive damages may be based.  Additionally, this Defendant had no notice or means of ascertaining the nature of the conduct for which it might be held subject to a punitive damage award.  (iv) No provision of West Virginia law provides adequate procedural safeguards, consistent with the criteria of *Pacific Mutual Life Ins. Co. v. Haslip, et al.*, (U.S.), 111 S. Ct. 1032 (1991); *Fleming Landfill, Inc., and John T. Fleming v. Julian Garnes and Sharon Garnes*, 413 S.E.2d 897 (1991); *TXO Production v. Alliance Resources*, 419 S.E.2d 870 (W.Va. 1992), for the imposition of a punitive damage award.  (v) The very concept of punitive damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall, incident to punishing a defendant, represents the taking of property without due process of law.

B.      A punitive damage award, and particularly one of the magnitude sought in the Complaint, would deprive this Defendant of its property without due process of law in violation of the Fifth Amendment to the United States Constitution and Article 3, Section 5 of the Constitution of the State of West Virginia.  Further, such an award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the 14th Amendment to the United States Constitution, and in Article 3, Section 5 and 10 of the West Virginia Constitution.

C.      This Defendant denies that it acted in a willful, wanton, reckless and/or any other manner which would entitle the Plaintiffs to recover punitive damages against this Defendant as required pursuant to *West Virginia Code* § 55-7-29.

D.      To the extent Plaintiffs are entitled to punitive damages, which this Defendant specifically denies, such damages are capped at four times the amount of compensatory damages or $500,000, whichever is greater. *West Virginia Code* § 55-7-29(c).

### THIRTIETH AFFIRMATIVE DEFENSE

This Defendant incorporates by reference any and all affirmative defenses set forth in the West Virginia Medical Professional Liability Act, *W.Va. Code § 55-7B-1 et seq.*

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The West Virginia Medical Professional Liability Act, *W.Va. Code § 55-7B-1, et seq.* contains a statutory limit as well as other statutory provisions which this Defendant affirmatively pleads as a defense of this action.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads and assert the provisions of *W. Va. Code* § 55-7B-9a and further asserts that the alleged damages, if any, should be reduced by all collateral source payments.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense of superseding and intervening cause.  This Defendant asserts all of its rights and privileges to introduce evidence at trial regarding the negligence of another party or a non-party as set forth in *Sydenstricker v. Mohan*, 618 S.E.2d 561 (W.Va. 2005).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads the provisions of *West Virginia Code* § 55-7B-9 as an affirmative defense.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads *West Virginia Code* § 55-7B-9c and/or *West Virginia*

*Code* § 55-7B-8, whichever section may prove applicable herein, as an affirmative defense.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

This Defendant affirmatively pleads any and all affirmative defenses made available to it under New Mexico law, specifically any affirmative defenses recognized by the New Mexico Supreme Court and affirmative defenses pursuant to the New Mexico Medical Malpractice Act, *N.M. Stat. Ann.* § 41-5, et seq.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each purposed cause of action alleged therein, is barred because Plaintiffs lack standing to state claims alleged in the Complaint and/or to assert the legal rights or interests of others.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each purposed cause of action alleged therein, does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiffs cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

**WHEREFORE,** having fully responded to the Complaint, this Defendant hereby moves this Honorable Court for entry of an Order dismissing the Complaint, with prejudice; finding that Plaintiffs recover no damages from this Defendant; and granting this Defendant any and all other relief that this Honorable Court deems just and proper.

38

**THIS DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**WEXFORD HEALTH SOURCES, INC.,**
**By Counsel,**

/s/ Jordan K. Herrick

Jordan K. Herrick (WV Bar #11128)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com
hcyrus@baileywyant.com

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

**LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,**

    **Plaintiffs,**

**v.**

**WEXFORD HEALTH SOURCES INCORPORATED,**

    **Defendant.**

**Civil Action No. 3:23-cv-00476**
**Honorable Robert C. Chambers**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, September 19, 2023:

Anna C. Haac
Lauren A. Kuhlik
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV  25302
Attorney For: Plaintiffs

W. Jesse Forbes
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV  25301

Attorney For: Plaintiffs

/s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Harrison M. Cyrus (WV Bar #12731)