UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| LAUREN SPURLOCK, HEATHER SMITH, and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INCORPORATED,<br><br>Defendant. | Case No. 3:23-cv-00476<br><br>DISTRICT JUDGE ROBERT C. CHAMBERS<br><br><br>**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF WEXFORD HEALTH SOURCES, INC.** |

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiffs will take the deposition of Wexford Health Sources, Incorporated ("Wexford") on **January 19, 2024,** commencing at **11:00 am**. Deposition participants may access the remote deposition through a link provided by Plaintiff's counsel prior to the deposition. The remote deposition shall take place in the District of Columbia and where the deponent answers the questions, via Veritext Legal Solutions.

The deposition will continue until completed for up to 7 hours, as provided in the Federal Rules of Civil Procedure, and will be recorded by stenographic and/or audio-visual means before an officer authorized by law to take testimony and administer oaths. The deposition will be taken for purposes of discovery, or for such other purposes as are authorized by law, including use at trial.

Please take further notice that that this deposition will be conducted and recorded remotely utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services and/or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. **The witness must thus have access to a computer with a camera and will need to be on camera while on record**

**and share their screen when/as needed to navigate exhibits in real time for purposes of Veritext's Exhibit Capture technology.** Each participating attorney must also be visible to all other participants, and their statements will be audible to all participants. Please also take note that court reporter will report the deposition from a location separate from the witness, and counsel for the parties and their clients will be participating from various, separate locations. The deposition officer will also be remote and out of the presence of the deponent via one of the options above for the purposes of providing the oath/affirmation to the deponent and capturing the proceeding. We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Pursuant to Rule 30(b)(6) of the Federal Rules of Procedure, examination is requested on the matters listed below, and for these matters, Wexford "shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf."

## DEFINITIONS

The following definitions apply to this deposition notice:

A.      "Documents" includes all writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. This includes any documents

(as so defined) that are stored electronically or exist in electronic form on any computer, device, or storage medium within your possession, custody, or control.

B. "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, teletype, telexes, telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

C. "You" or "your" shall mean Wexford, and all affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and persons acting or purporting to act on your behalf.

D. "Wexford" means Wexford Health Sources, Incorporated and any of its agents, officers, directors, attorneys, accountants, consultants, employees, parent entities, subsidiary entities, sibling entities, affiliates, and respective agents, officers, directors, attorneys, accountants, consultants, and employees, and all other persons acting or purporting to act on its behalf.

E. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the scope of this Request inclusive rather than exclusive.

F. "Referring to" or "relating to" means constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

G. "MOUD" means "Medication for Opioid Use Disorder" and refers to any medication that has been approved by the FDA to treat opioid use disorder, including methadone,

3

buprenorphine, naltrexone, and Suboxone. It shall include any terms that Wexford has used internally to refer to the provision of this medication, including, without limitation, "medication-assisted treatment" or "MAT."

H. "OUD" or "opioid use disorder" include any synonymous term, including (without limitation) "opioid addiction."

## MATTERS ON WHICH EXAMINATION REQUESTED

The matters upon which examination is requested are as follows:

1. For any prison and/or jail Wexford has provided medical services to since January 1, 2017, as well as for any centralized electronic medical record system that Wexford has maintained since January 1, 2017, how Wexford electronically maintains medical records for incarcerated individuals, including how information is uploaded to any electronic medical record systems and how such information can be accessed or reports generated therefrom. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant electronic medical systems or platforms in real time, including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

2. For any prison and/or jail that Wexford has provided medical services to since January 1, 2017, what data fields are collected during any intake examination or evaluation or are transferred to Wexford, how these data fields are maintained and stored both locally and in any centralized electronic medical record system or other location that Wexford has maintained since January 1, 2017, and how these data fields can be accessed or reports generated therefrom. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant electronic medical systems or platforms in real time,

4

including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

3. For any prison and/or jail that Wexford has provided medical services to since January 1, 2017, what evaluations and/or tests are used to screen for or document the following: opioid dependence; opioid use; MOUD prescription; MOUD use; and/or the offering of opioid-related addiction services by Wexford, as well as the related data fields collected and/or documents created from these evaluations and/or tests, how they are maintained and stored both locally and in any centralized electronic medical record system or other location that Wexford has maintained since January 1, 2017, and how they can be accessed or reports generated therefrom, including any lists, reports, or other records Wexford creates, provides to third parties, runs, or is able to run of this data. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant electronic medical systems or platforms in real time, including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

4. For any prison and/or jail Wexford has provided medical services to since January 1, 2017, how Wexford documents and stores forms and/or records used to monitor or record opioid withdrawal, symptoms of opioid withdrawal, and deaths from opioid withdrawal, as well as the related data fields collected and/or documents created, how such data/documents are maintained and stored both locally and in any centralized electronic medical record system or other location that Wexford has maintained since January 1, 2017, and how they can be accessed or reports generated therefrom, including any lists, reports, or other records Wexford creates, provides to third parties, runs or is able to run of this data. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant electronic

medical systems or platforms in real time, including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

5. For any prison and/or jail that Wexford has provided medical services to since January 1, 2017, how Wexford tracks the provision of MOUD to incarcerated individuals both locally and in any centralized electronic medical record system or other location that Wexford has maintained since January 1, 2017, as well as what lists, reports, or other records Wexford creates, provides to third parties, runs or is able to run of this data. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant electronic medical systems or platforms in real time, including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

6. What (if any) computer programs, platforms, databases, or documents (and storage locations) Wexford uses or maintains to determine, track, weigh, or bill costs associated with the provision of medical services or medication, including specifically MOUD, as well as how such computer programs, platforms, databases, or documents are maintained and can be utilized for said purpose. Examination on this Topic will require a Wexford representative to be able to access and demonstrate the functionality of any relevant computer programs, platforms, or databases in real time, including by clicking through any relevant interfaces, selecting and running reports of any relevant data fields, and pulling up exemplars of any relevant documents.

7. The non-email sources of information and method(s) Wexford will use to search, collect, and review responsive documents in its possession, custody, or control, including the types of documents that are stored on the Shared I Drive and Share Point, as referenced in defense

counsel's email dated December 19, 2023, and the non-email sources of information for which Wexford believes selecting custodians and search terms is appropriate.

8.  Wexford's document retention policies or practices relating to Topics 1-6, including what data would *not* be available as a result of document deletion policies.

Dated: January 4, 2024

Respectfully submitted,

/s/  W. Jesse Forbes
W. Jesse Forbes, Esq. (WVSB# 9956)
**FORBES LAW OFFICES, PLLC**
1118 Kanawha Blvd. East
Charleston, WV 25301
Telephone: (304) 343-4050
Facsimile: (304) 343-7450
wjforbes@forbeslawwv.com

L. Danté diTrapano (W. Va. Bar No. 6778)
**CALWELL LUCE DITRAPANO PLLC**
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
dditrapano@cldlaw.com

Anna C. Haac (pro hac vice)
Lauren A. Kuhlik (pro hac vice)
Gemma Seidita (pro hac vice)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
ahaac@tzlegal.com
lkuhlik@tzlegal.com
gseidita@tzlegal.com

Julie S. Selesnick (pro hac vice)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Telephone: (202) 221-5279
Facsimile: (215) 875-4604
jselesnick@bm.net

Natalie Lesser (pro hac vice forthcoming)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3079
Facsimile: (215) 875-4604
nlesser@bm.net

*Counsel for Plaintiffs and Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2024, a true and correct copy of Plaintiffs' Notice of Rule 30(b)(6) Deposition of Wexford Health Services, Inc. provided via electronic mail to the following:

Jordan K. Herrick
Harrison M. Cyrus
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337
jherrick@baileywyant.com
hcyrus@baileywyant.com

*/s/  W. Jesse Forbes*
W. Jesse Forbes