IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| LAUREN SPURLOCK, HEATHER SMITH, and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INCORPORATED,<br><br>Defendant. | Civil Action No. 3:23-cv-00476<br><br>Hon. Robert C. Chambers |

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER REGARDING PRODUCTION OF PROTECTED HEALTH INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), Plaintiffs Lauren Spurlock, Heather Smith, and Shawn Zmudzinski ("Plaintiffs") and Defendant Wexford Health Sources, Inc. ("Wexford") move for a HIPAA Qualified Protective Order related specifically to the disclosure of Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPAA"). Specifically, the Parties agree to the entry of a Stipulated HIPAA Qualified Protective Order by this Court to facilitate the exchange and disclosure of PHI pertaining to the medical and mental health of all individuals who were confined at a facility for which Wexford was the medical contractor that is at issue in this litigation, and for the purpose of protecting the Parties and their counsel from future liability relating to the Court-ordered release of confidential patient health and mental health information contained in documents and records requested by counsel for the parties in this litigation. Based upon the Parties' agreement, and after reviewing the file and finding good cause for the entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED AND ADJUDGED as follows:

1

1. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R §164.512(e)(l)(ii)(B) and §164.512(e)(l)(v), the Court hereby enters a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations. In addition to the foregoing federal laws and regulations, this Order is entered to ensure compliance with applicable federal and state laws and regulations governing patient privacy and protecting healthcare information.

2. For purposes of this Order, the term Protected Health Information ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103), and all physicians, nurses, technicians, and any other health care provider who was or is involved with the health care or treatment of any current or former individual who was confined at a facility for which Wexford was the medical contractor that is at issue in this litigation (and any agent or employee of the foregoing), are hereby authorized to disclose PHI subject to the provisions of the Protective Order entered in this matter (ECF No. 24) ("Protective Order") and this HIPAA Qualified Protective Order pertaining to any current or former individual who was confined at a facility for which Wexford was the medical contractor that is at issue in this litigation. Such persons may disclose such PHI without violating the provisions of HIPAA, any applicable state law, or any other state or federal law or regulation provided they follow the provisions of the Protective Order and this HIPAA Qualified Protective Order.

In addition to covering medical records, this Protective Order specifically extends to records relating to mental health care. In regard to the mental health records of individuals who

were confined at a facility for which Wexford was the medical contractor that is at issue in this litigation (hereinafter "Patients"), the parties acknowledge that such records are relevant and outweigh the confidentiality of the records. Moreover, counsel agree that the production of such records shall be subject to this Protective Order. This Court specifically finds that that the relevance of the Patients' mental health records sought in the above-styled civil action outweighs the confidentiality of such records and that the production of all psychiatric, psychological and counseling and any other mental health records contained in the medical files of the Patients may be produced without violation of any applicable state or federal law.

Furthermore, this HIPAA Qualified Protective Order extends to records containing information about substance use and substance use treatment that involves patient names and other identifying information, which may be confidential pursuant to 42 C.F.R. § 2, *et seq*. (implementing the statute as authorized by 42 U.S.C. § 290dd–2). Such personal identifying information, including patient names, prison ID number, and any other information by which the identity of the patient can be determined with reasonable accuracy either directly or by reference to other information, shall be produced with redactions, with a redaction key prepared by the producing party. The Court finds that, once de-identified, these records are not within the scope of the federal statutes regulating the confidentiality of records regarding substance use disorder, 42 U.S.C. § 290dd–2(a) and 42 C.F.R. § 2, *et seq*.

4. All PHI should be marked and designated as "CONFIDENTIAL Protected Health Information Subject to HIPAA Qualified Protective Order" and will be deemed as confidential under and subject to the provisions of the Protective Order entered in this case at ECF No. 24. There is no requirement that Wexford notify patients that their PHI is being disclosed to the Parties.

5. If a party wishes to file PHI with the Court, it must be filed under seal, following the appropriate procedures to do so by the Court. However, any party may publicly file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI, as long as that

party de-identifies the protected health information following the procedures in 45 C.F.R. § 164.514. These documents containing PHI are hereby designated as documents that may be filed under seal pursuant to the Court's rules.

6. The Clerk is instructed to provide a copy of this Protective Order to counsel of record and any unrepresented party.

Date: _____

                                             _____
**ROBERT C. CHAMBERS**
**UNITED STATE DISTRICT COURT JUDGE**

**Agreed:**

/s/ W. Jesse Forbes
W. Jesse Forbes, Esq. (WVSB# 9956)
**FORBES LAW OFFICES, PLLC**
1118 Kanawha Blvd. East
Charleston, WV 25301
Telephone: (304) 343-4050
Facsimile: (304) 343-7450
wjforbes@forbeslawwv.com

L. Danté diTrapano (W.Va. Bar No. 6778)
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, West Virginia 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
dditrapano@cldlaw.com

Anna C. Haac (*pro hac vice* forthcoming)
Lauren A. Kuhlik (*pro hac vice* forthcoming)
Gemma Seidita (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
ahaac@tzlegal.com
lkuhlik@tzlegal.com
gseidita@tzlegal.com

Julie S. Selesnick (*pro hac vice*)
**BERGER MONTAGUE PC**

/s/ Jordan K. Herrick
Jordan K. Herrick (WVSB No. 11128)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com

*Counsel for Wexford Health Sources, Inc*

4

2001 Pennsylvania Ave. NW
Suite 300
Washington, DC 20006
Telephone: (202) 221-5279
Facsimile: 800-424-6690
jselesnick@bm.net

*Counsel for Plaintiffs and the Proposed Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

LAUREN SPURLOCK, HEATHER SMITH, and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

        Plaintiffs

v.

WEXFORD HEALTH SOURCES, INCORPORATED,

        Defendant.

Civil Action No. 3:23-cv-00476

Hon. Robert C. Chambers

### ACKNOWLEDGMENT OF STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have reviewed the HIPAA Qualified Protective Order entered into in the above-captioned case and that I agree to be bound by the Order. I further agree to the following limitations upon the use and disclosure of the Protected Health Information ("PHI") documents which I am being provided:

    1.    I will use the PHI documents solely in connection with the proceedings in the above-entitled case and for no other purpose.

    2.    I will not disclose any of the PHI documents to any other person or entity except as authorized by the HIPAA Qualified Protective Order; and,

    3.    Upon request, I will immediately return or destroy any PHI documents (including all copies). If destroyed, I will send a declaration to the party producing the document(s) that said documents(s) have been destroyed in accordance with the Order.

I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this \_\_\_\_ day of _____, 2023.

_____        _____
**Print Name**        **Signature**