# EXHIBIT 2

# EXHIBIT 2.a

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

| | |
|---|---|
| LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated, | **Case No.** 3:23-cv-00476 |
| *Plaintiffs,* | Honorable Robert C. Chambers |
| v. | |
| WEXFORD HEALTH SOURCES, INCORPORATED, | |
| *Defendant.* | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Lauren Spurlock, Heather Smith, and Shawn Zmudzinski serve Defendant Wexford Health Services, Incorporated with the following Requests for Production of Documents. Responsive production of documents must be served on Plaintiffs, through their counsel of record, within thirty (30) days after service thereof. The instructions and definitions set forth below shall govern the requests for productions as well as your responses to them.

**INSTRUCTIONS**

1.     These Requests are intended to be continuing in nature. You shall promptly file supplemental responses if you obtain additional responsive documents or information, or discover that information produced is incomplete or incorrect.

2.     These Requests call for the production of all responsive documents in your possession, custody, or control, without regard to the physical location of such documents and regardless of whether such documents or materials are possessed directly by you or your agents or

1

representatives.

3.      For information or documents withheld on a claim of privilege or immunity, specify the following:

    a.   A general description of the nature and subject matter of the information;

    b.   The author(s) and addressee(s) of the document, if applicable;

    c.   All persons who received copies of the document or to whom the document's contents have otherwise been disclosed;

    d.   The date of the document, the date it bears, the date it was sent, and the date it was received;

    e.   The location of the document;

    f.   The basis for your claim of privilege or immunity;

    g.   The identity of the person(s) holding the privilege; and

    h.   The job title of every person named in subsection (g) above.

4.      If you cannot fully answer a Request, provide as full an answer as possible. State the reason for the inability to answer fully, and give any information, knowledge, or belief which you have regarding the unanswered portion, including the name(s) and address(es) of person(s) or organization(s) having further information and their contact information.

5.      If there are no documents in your possession, custody, or control that are responsive to a particular request, please so state and identify the Request.

6.      If you know of documents responsive to a Request that are not in your possession, custody, or control, identify those documents and whose possession, custody, or control they are in.

7.      Whenever you object to a particular Request, or portion thereof, you must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced or not produced in its entirety, please state with particularity the reason(s) it is not being

2

produced in full and describe—to the best of your knowledge, information and belief and with as much particularity as possible—the document, or those portions of the document, which you are not producing.

8.  If Defendant contends that it would be unreasonably burdensome to obtain and provide the information called for in a particular Request, then as to that Request:

    a.  Provide all information that is available without unreasonable burden; and

    b.  Describe with particularity the efforts made to the secure the information, the provision of which Defendant claims would be an unreasonable burden, and the burden that would be imposed by the production of such requested information.

9.  Plaintiffs reserve the right to request access to and inspection of originals if copies are produced.

10.  Respond to each request separately. Do not reference an earlier response to an earlier request unless your response is identical.

11.  The documents produced in response to each Request should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the files frm which such documents are taken, along with all other documents residing in those files.

12.  Where the custodian of any document is unclear from the face of the document, a log identifying the custodian(s) for each such document shall be supplied.

13.  Documents attached to each other, whether physically or electronically, should not be separated and should be produced together.

14.  Documents not otherwise responsive to a Request shall be produced if such documents mention, discuss, refer, or explain the documents which are called for by these Requests.

3

15.     Without in any way limiting the definition of "document" herein, you are specifically instructed to search all document management systems, computer archives, backup tapes or disks, PDAs, smart phones, personal computers, and/or electronic mail, instant messaging or text messaging accounts for documents responsive to the following requests, and production of such documents should be made regardless of whehter such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of retrieval from archives and/or backup tapes or disks.

16.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given the broadest meaning permitted under Rule 26 of the Federal Rules of Civil Procedure except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiry and Requests herein, the singular shall include the plural and the plural shall include the singular and a masculine, feminine, or neutral pronoun shall not exclude the other genders.

17.     Unless otherwise stated, all requests are limited in time-scope to documents, records or communications originating or in active effect during the period of January 1, 2017 to the present.

**DEFINITIONS**

1.     "Any" shall mean one or more.

2.     "Complaint" shall mean the operative class action complaint filed in the United States District Court for the Southern District of West Virginia Case Number No. 3:23-cv-00476.

3.     The term "Employee" means any person who performed services for Wexford Health Sources, Incorporated, or their affiliates or agents regardless of classification and non-exclusively includes all persons referred to as "employee," "subcontractor," "independent contractor," "representative" or "agent."

4

4. "Plaintiffs" shall mean the Plaintiffs, Lauren Spurlock, Heather Smith, and Shawn Zmudzinski, in the above-titled action.

5. "MOUD" shall mean "medication for opioid use disorder" and shall refer to any medication that has been approved by the FDA to treat opioid use disorder ("OUD"), including methadone, buprenorphine, naltrexone, and Suboxone. It shall include any terms that Defendant has used internally to refer to the provision of this medication, including, without limitation, "medication-assisted treatment" or "MAT."

6. "OUD" shall mean "opioid use disorder." Both "OUD" and "opioid use disorder" will include any synonymous term, including (without limitation) "opioid addiction."

7. "Person" or "persons" shall mean individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, firms, groups, mutual or joint ventures and other forms of organizations, associations, and any other legal entities and divisions, departments, and units thereof.

8. The terms "document" and "documents" should be interpreted in their broadest possible sense within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and shall mean the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of every writing or record of every type and description, whether in final or draft form, as well as any attachment thereto or enclosure therewith, including but not limited to all written, typewritten, printed, computerized, electronically created or stored, or graphic matter of any kind or nature , any form of collected data for use with electronic data processing equipment, any physical object or thing, and any mechanical or electronic visual or sound recordings now or formerly in the possession, control or custody of Wexford, its attorneys, agents, and representatives regardless of its physical location. The term "document" includes without limitation correspondence, memoranda,

5

stenographic or handwritten notes, electronic documents of any kind, e-mail, website content, faxes, voice recordings, video recordings, reports, computer records or printouts, files, disks, tapes, print-outs, agreements, communications, telegrams, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, reports, bids, proposals, licenses, financial statements, surveys, drawings, spreadsheets, sales estimates or reports, spreadsheets, graphs, charts, maps, photographs,  notebooks, opinions or reports of consultants, forms, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, microfilm, microfiche, any marginal comments appearing on any document, and all other writings.

9.      The term "communication" or "communications"  means the transmission, sending, or receipt of information of any kind (in the form of facts, ideals, inquiries, or otherwise), by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, floppy disks, compact discs, CD-ROM discs, USB drive, other removable or transportable media, file sharing, radio, video signals, telecommunication, telephone, teletype, telexes, telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

10.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     The phrase "refer to" "referring to" "relate to" or "relating to" includes pertain to, concern, regard, reflect, depict, describe, evidence, embody, mention, state, deal with, contain, constitute, or having any logical or factual connection with the subject matter identified in the discovery request in whole or in part.

6

12.    "Reasons" or "basis" when used in reference to an action, belief, or decision, shall mean any and every factual or legal ground, explanation, or justification or motivating factor(s) for the action, belief, or decision.

13.    The term "You" "Your" or "Wexford" shall refer to Defendant Wexford Health Sources, Inc. and includes any and all predecessors or successors in interest, local, regional, national and/or executive offices, divisions, or affiliates (foreign and domestic), segments, or divisions thereof, any of its subsidiaries, special purpose entities, divisions or affiliates, and all of their present and former officers, directors, employees, consultants, agents, directors, accountants, attorneys, advisors, any other person compensated by you (regardless of whether such compensation is based in whole or in part on commission or some other measures of performance or otherwise and regardless of whether considered or classified as independent contractors), and all other persons acting or purporting to act on their behalf, direction, or control.

## REQUESTS

1.    **Documents re: Complaint.** Any and all documents in Your possession, custody, or control that relate to, support, or rebut any allegations or claims in Plaintiffs' Complaint.

2.    **Documents re: Defenses.** Any and all documents in Your possession, custody, or control that relate to, support, or rebut any of Your defenses or factual allegations in Defendant's Answer.

3.    **Documents re: Named Plaintiffs.** Any and all documents regarding any Plaintiff in this Action.

### Contract Documents

4.    **Wexford Contracts.** Any of Your contracts with jails and prisons that were operative from January 1, 2017 to the present.

5.    **Wexford Contract Documents.** With respect to any contracts produced in response

7

to Request for Production No. 4, any and all communications or requests for proposals and responses (or draft responses) between You and each state or municipality prior to entering into any such contracts.

### **Opioid Use Disorder and Treatment**

6.     All documents in Your possession, custody, or control that discuss opioid use disorder, how to diagnose OUD, or the medical standard of care for treating OUD, as well as any related communications.

7.     All documents in Your possession, custody, or control discussing, reflecting, or concerning any short-term or long-term benefits of providing MOUD to incarcerated populations, including any such benefits to individuals or communities at large.

8.     All documents that discuss or relate to ensuring or expanding access to MOUD in jails and prisons or removing barriers to treatment of OUD.

9.     All documents in Your possession, custody, or control that discuss, refer to, or concern any third-party recommendations, guidance, plans, strategies, investigations, tips, or statements such as those referenced in paragraphs 70 to 97 of Plaintiffs' Complaint, including (without limitation) the American Medical Association's Opioid Task Force Recommendations, the American Society of Addiction of Medicine's Practice Guidelines, the National Commission on Correctional Health Care's 2021 guidelines on Opioid Use Disorder Treatment in Correctional Settings, the Federal Bureau of Prisons guidance on Opioid Use Disorder, Diagnosis, Evaluation, and Treatment, the Biden Administration's 2022 National Drug Control Strategy, the Department of Justice's 2022-2026 Strategic Plan, and reports or publications of the U.S. Department of Health and Human Services, the World Health Organization, former President Trump's 2017 Commission on Combating Drug Addiction and the Opioid Crisis, or the Department of Justice ("DOJ") (including any documents or correspondence relating to the DOJ's investigation into Cumberland County for

8

failure to provide MOUD to its incarcerated population) or from other sources including the American Correctional Association.

10.     All documents in Your possession, custody, or control discussing or concerning the opioid epidemic in America or the risks of overdose deaths resulting from opioid use.

11.     All documents discussing, reflecting, or concerning the forcible withdrawal, disruption of treatment, or failure to continue treatment of individuals on medication for opioid use disorder, including any symptoms or death associated with such withdrawal, or any other potential risks associated with the same (whether while incarcerated or upon release), such as (without limitation) the likelihood of compromising long-term recovery from OUD and the increased risk of relapse and overdose, as well as death.

12.     All documents discussing, reflecting, or concerning the number or percentage of incarcerated individuals with a substance use disorder or specifically an opioid use disorder, as well as the number or percentage of such under the care of Wexford from January 1, 2017 to the present.

13.     All documents discussing, reflecting, or concerning the number or percentage of incarcerated individuals with access to illicit opioids, as well as the number or percentage of such under the care of Wexford from January 1, 2017 to the present.

14.     All documents relating to any deaths or life-threatening symptoms of individuals under the care of Wexford potentially or actually resulting from forcible withdrawal from MOUD or of individuals who had opioids in their system or were suspected of having opioids in their system in or around the time of death.

**Wexford's Opioid Policies and Practices**

15.     **Opioid Training Materials and Policies.** Any and all policies, training materials, guidelines, protocols, or internal memoranda concerning the treatment or withdrawal of incarcerated individuals with a history of opioid dependence, OUD, illicit opioid use, or who were using

9

prescription or non-prescription opioids (including MOUD) while under the care of Wexford from January 1, 2017 to the present, as well as any communications relating to the same (including relating to the development and implementation of the same or the justification/reasons underlying the same). This Request includes without limitation any "detox protocols," such as that referenced in Wexford's Medical Guidelines, and Wexford's Drug Intoxication/ Withdrawal guidelines.

16.    **Opioid Treatment Policies and Practices.** Any and all documents reflecting or discussing Wexford's policies, practices, or procedures from January 1, 2017 to the present (as well as the development of, implementation of, or reasons/justification for the same) for treating incarcerated individuals under the care of Wexford who had a history of opioid dependence, OUD, or illicit opioid use, or who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford), including (without limitation) documents reflecting or discussing Wexford's policies, practices, or procedures for determining whether an individual had a history of opioid dependence, OUD, or illicit opioid use, or were using prescription or non-prescription opioids at intake or while under the care of Wexford, determining whether an individual had a prescription for MOUD, determining whether to provide MOUD to an individual, or withdrawing individuals from MOUD.

17.    **Medical Guidelines.** Any and all versions of Wexford's Medical Guidelines that were operative from January 1, 2017 to the present, and applicable to any prison or jail for which Wexford provides or provided medical care, as well as any related documents that serve as the basis for Wexford's denial of Paragraph 133 of the Complaint.

18.    **Differences in Treatment for Pregnant versus Non-Pregnant Individuals with OUD.** All documents discussing, referencing, or relating to differences in treatment between pregnant and non-pregnant individuals under Wexford's care who have OUD, have a history of opioid dependence, or are taking opioids, as well as any documents discussing, referencing, or

10

relating to the justification or reasons for such treatment differences.

**Wexford's Opioid Screening and Tracking**

19.  **Intake Forms.** Exemplar intake forms (and identify the Bates number of exemplars) from each prison and/or jail in which Wexford has served as a medical contractor from January 1, 2017 to the present, as well as documents sufficient to show how any information relating to OUD, opioid dependence, illicit opioid use, current opioid use, or MOUD is maintained electronically.

20.  **Opioid Screening Documents.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, or assessing an incarcerated individual's history of opioid dependence, OUD, illicit opioid use, or use of prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford) (and identify the Bates number of exemplars), such as (without limitation) the Texas Christian University (TCU) Drug Screen or the Rapid Opioid Dependence Screen (RODS), as well as documents sufficient to show how any such information is maintained electronically.

21.  **Opioid Withdrawal Monitoring.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, assessing, or monitoring opioid withdrawal (and identify the Bates number of exemplars), such as (without limitation) the Clinical Opiate Withdrawal Scale (COWS), as well as documents sufficient to show how any such information is maintained electronically.

22.  **Opioid Tracking.** Documents sufficient to show whether and how Wexford has maintained lists of, reported, recorded, or otherwise tracked from January 1, 2017 to the present incarcerated individuals who have a history of opioid dependence, OUD, or illicit opioid use, or those who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford); who were offered opioid-related addiction services by Wexford

11

or by the carceral facility with which Wexford contracts including counseling; who are withdrawing from opioids and any related symptoms or deaths relating to the same; or who have a history of taking MOUD, including (without limitation) all internal statistics regarding incarcerated individuals with OUD and regarding Wexford's prescription of MOUD as referenced in Wexford's Initial Disclosures.

23.    **Medication for Opioid Use Disorder.** Documents sufficient to show whether and how Wexford has maintained lists of, recorded, or otherwise tracked the provision of medication for opioid use disorder to incarcerated individuals at each prison and jail with which it has contracted from January 1, 2017 to the present.

24.    **Opioid Reports.** Documents sufficient to show any reports relating to opioids Wexford has run or prepared from January 1, 2017 to the present for internal purposes or to provide to third parties, including but not limited to the states and/or municipalities with which it contracts, identifying incarcerated individuals who have a history of opioid dependence, OUD, or illicit opioid use, or were using prescription or non-prescription opioids (including MOUD) at the time of such report; who have been offered opioid-related addiction services by Wexford or by the carceral facility with which Wexford contracts including counseling; who have been identified as withdrawing from opioids; or who have a history of taking MOUD.

25.    **Electronic Medical Records.** Training manuals, guidelines, or other documents sufficient to show how each of the prisons or jails for which Wexford provides or provided medical care maintain their electronic medical record system, including (without limitation) how that system is operated and how information is uploaded to the system.

26.    **Cost Analyses**. All studies, analyses, communications, or other documents discussing, reflecting, or concerning the actual or potential cost of providing MOUD.

27.    **Risk v. Benefit Analyses.** All studies, analyses, communications, or other documents

12

discussing, reflecting, concerning, or comparing the potential or actual risks or benefits to Wexford of providing or not providing MOUD to incarcerated individuals under Wexford's care.

**Expert/Opinion Witnesses**

28. **Expert documents**. All documents constituting, reflecting, or relating to any expert/opinion witness reports, opinions, and/or communications regarding this litigation or the subject matter of this litigation, and all documents relied upon by any expert who will be testifying or submitting an affidavit with respect to any motion by Defendant or at trial.

29. **Expert File.** A complete copy of the entire file of each expert or opinion witness consulted in connection with this case, including any and all documents, publications, or other materials supplied to, relied upon, utilized, or considered by such witnesses in forming their opinions.

30. **Expert Compensation.** All bills, invoices, statements, or other communications between Wexford and any expert relating to compensation for the expert's work or testimony.

31. **Expert CV.** A copy of the curriculum vitae for any person whom you intend or expect to call as an expert witness at the trial of this matter.

**Wexford's Public Statements**

32. **Public Statements.** Any and all press releases or other documents pertaining to or reflecting public comments made by Wexford concerning the treatment of incarcerated individuals with a history of opioid dependence, OUD, or illicit opioid use, or incarcerated individuals who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford), or with a history of using MOUD, including current or historical pages on Wexford's website, and all communications regarding the same.

33. **Social Media.** All electronic communications, including messages sent or posts, using social media platforms, including X (formerly known as Twitter), Facebook, Instagram, TikTok, or other social media sites reflecting, responding to, or commenting on the treatment of

13

individuals with a history of opioid dependence, OUD, MOUD, or illicit opioid use, or those who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford).

34.      **Articles.** Any and all published articles or other publications that Wexford had any role in drafting, editing, reviewing, or funding pertaining to the treatment of individuals with opioid use disorder or a history of opioid dependence, illicit opioid use, or MOUD.

35.      **Website**. All documents that form the basis for Wexford's denial of Paragraph 134 of the Complaint, including the website pages that Wexford alleges contradict the description of Wexford's website in that paragraph.

### Complaints, Investigations, and Litigation Materials

36.      **Sworn Statements.** Any affidavits or sworn statements obtained from any individual in relation to this lawsuit, any allegation contained in the Complaint, or any defense or allegation contained in Defendant's Answer.

37.      **Complaints.** All documents reflecting, constituting, discussing, or otherwise relating to any disciplinary reports, complaints (legal or non-legal), investigations, lawsuits, or other reprimands against Wexford or any Wexford employee, including but not limited to medical providers, related to the treatment of incarcerated individuals with substance use disorder, including the provision, denial, or forced withdrawal of MOUD or other opioids, and wrongful death or injury related to opioids from January 1, 2017 until the present.

38.      **Legal Claims and Files.** Any and all claims filed in court against Wexford relating to the failure to provide MOUD and the complete case file associated with the same, including any documents produced by either party, any deposition transcripts or other recorded statements taken, any discovery responses, and any court filings.

### Wexford's Affirmative Defenses

14

39.    All documents relating to Defendant's fourth and ninth affirmative defenses that Defendant acted in accordance with "clearly established law" or "clearly established duty, standards, laws, regulations, or rules," including documents that show which duty, standards, laws, regulations, or rules Defendant is referring to in these defenses, and all communications discussing such duties, standards, laws, regulations, or rules.

40.    All documents relating to Defendant's fifth affirmative defense regarding injuries caused by "negligence, intentional acts, criminal acts, or other wrongful conduct of persons, firms, or corporations," including (without limitation) documents showing which persons, firms, and corporations Defendant is referring to and what negligence, intentional acts, criminal acts, or other wrongful conduct those persons, firms, and corporations allegedly committed.

41.    All documents relating to Defendant's seventh and seventeenth affirmative defenses regarding Wexford's asserted immunities, including documents sufficient to identify each form of immunity that Defendant claims applies to Plaintiffs' claims.

42.    All documents relating to Defendant's eleventh affirmative defense Plaintiffs have "unclean hands."

43.    All documents relating to Defendant's thirteenth affirmative defense, including documents identifying the "prescribed or known standard of action" to which Defendant refers and the origin thereof, as well as any communications relating to the same.

44.    The factual and legal basis for your assertion in Wexford's fourteenth affirmative defense that Plaintiffs have failed to mitigate their damages.

45.    All documents relating to Defendant's eighteenth affirmative defense of privilege, including documents sufficient to identify which specific privilege or privileges Defendant argues applies to which of Plaintiffs' claim or claims, as well as any communications discussing, referencing, or relating to such privilege(s).

15

46.     All documents relating to the reasons for any decisions made by You referenced in Defendant's nineteenth affirmative defense.

47.     Documents sufficient to show any party, individual, or entity that Defendant may have a legal right of indemnification or contribution from, as set forth in Defendant's twenty-third defense, as well as any documents setting forth or otherwise supporting such potential legal right and any communications, notices, or other documents relating to the same.

48.     Any documents that You believe evidence spoliation as asserted in Defendant's twenty-fourth affirmative defense.

49.     All documents relating to Defendant's twenty-seventh affirmative defense of unconstitutional punitive damages under the Fifth, Eighth, and Fourteenth amendments.

50.     Any documents relating to collateral source payments supporting Defendant's thirty-second affirmative defense.

51.     Any documents relating to any superseding or intervening causes referenced in Defendant's thirty-third affirmative defense.

52.     Any documents relating to Your assertion that Plaintiffs lack standing, as asserted in Defendant's thirty-seventh affirmative defense.

**Other**

53.     **Exhibits**. All exhibits that you intend to use at any stage of this litigation, including at trial.

54.     **Indemnity Agreements**. All contracts or agreements between Wexford and any third party or any insurance policy, plan, or other coverage document that could potentially apply to satisfy all or part of a possible judgment in this action or to indemnify or reimburse payments made to satisfy all or part of any judgment in this action or pay (in whole or part) legal expenses and/or costs related to litigating this action, as well as any related notices or communications.

16

55.    **Organizational Charts**. All organizational charts and/or documents reflecting Your current and past employment hierarchy, including (without limitation) for any corporate subdivisions involved in Wexford's medical contracting with prisons and/or jails from January 1, 2017 to the present.

56.    **Key Individuals**. Documents sufficient to identify the key individuals involved in determining, implementing, or training staff regarding Wexford's policies regarding provision of or denial of MOUD or treatment of opioid use disorder.

57.    **Documents Reviewed or Relied Upon by Defendant.** All documents that You identified, relied on, referred to, reviewed, or otherwise considered in responding to Plaintiffs' Interrogatories.

Dated: December 8, 2023                    Respectfully submitted,

/s/ W. Jesse Forbes
W. Jesse Forbes, Esq. (WVSB# 9956)
**FORBES LAW OFFICES, PLLC**
1118 Kanawha Blvd. East
Charleston, WV 25301
Telephone: (304) 343-4050
Facsimile: (304) 343-7450
wjforbes@forbeslawwv.com

L. Danté diTrapano (W.Va. Bar No. 6778)
**CALWELL LUCE DITRAPANO PLLC**
Law and Arts Center West
500 Randolph Street
Charleston, West Virginia 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
dditrapano@cldlaw.com

Anna C. Haac (*pro hac vice*)
Lauren A. Kuhlik (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

ahaac@tzlegal.com
lkuhlik@tzlegal.com
gseidita@tzlegal.com

Julie S. Selesnick (*pro hac vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Telephone: (202) 221-5279
Facsimile: (215) 875-4604
jselesnick@bm.net

Natalie Lesser (*pro hac vice* forthcoming)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3079
Facsimile: (215) 875-4604
nlesser@bm.net

*Counsel for Plaintiffs and the Proposed Classes*

18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

LAUREN SPURLOCK; HEATHER SMITH; and
SHAWN ZMUDZINSKI, individually and on
behalf of all others similarly situated,

                        *Plaintiffs,*

v.

WEXFORD HEALTH SOURCES,
INCORPORATED,

                        *Defendant.*

**Case No.** 3:23-cv-00476

Honorable Robert C. Chambers

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 8, 2023 the foregoing Plaintiffs' First Set of Requests for

Production to Defendant Wexford Health Sources, Incorporated. was served upon the following counsel by

Electronic Mail and U.S. Mail, postage prepaid in accordance with Rule 5 of the Federal Rules of Civil

Procedure:

Jordan K. Herrick (WV Bar #11128)
Harrison M. Cyrus (WV Bar #12731)
**BAILEY & WYANT, PLLC**
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133

*Attorneys for Defendant*

                      /s/ W. Jesse Forbes
                      W. Jesse Forbes, Esq. (WVSB# 9956)
                      **FORBES LAW OFFICES, PLLC**
                      1118 Kanawha Blvd. East
                      Charleston, WV 25301
                      Telephone: (304) 343-4050
                      Facsimile: (304) 343-7450
                      wjforbes@forbeslawwv.com

# EXHIBIT 2.b

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

 Plaintiffs,

v.

WEXFORD HEALTH SOURCES INCORPORATED,

 Defendant.

           Civil Action No. 3:23-cv-00476
           Honorable Robert C. Chambers

## DEFENDANT WEXFORD HEALTH SOURCES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K. Herrick, Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C., and pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* provide the following responses to **Plaintiffs' First Set of Requests for Production** without waiving any objection this Defendant may have as to the relevancy or admissibility of any of the information contained herein:

## GENERAL OBJECTIONS AND PRELIMINARY STATEMENT

A. The following responses are based upon information and documentation presently available to this Defendant and which this Defendant believes to be complete and accurate. Said responses are made without prejudice to this Defendant's right to rely upon subsequently discovered facts or evidence.

B. No incidental or implied admission of fact by this Defendant is made by the responses below. The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for**

1

**Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.      Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time.  However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.      This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.      This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.      This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation.  This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

G.      This Defendant states that the information supplied in the following responses may not be based solely on the knowledge of the executing party, but may include the knowledge of the

2

party's agents, representatives and attorneys, unless privileged.

H.    This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.    This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

## REQUESTS

1.    **Documents re: Complaint.** Any and all documents in Your possession, custody, or control that relate to, support, or rebut any allegations or claims in Plaintiffs' Complaint.

> **REPONSE:**   **This Defendant objects to this Request on the basis of ambiguity, in that whether any document supports or rebuts any allegation is a legal conclusion and/or matter of opinion which has no objective criteria for determination.  Subject to the foregoing, please refer to all produced documents.**

2.    **Documents re: Defenses.** Any and all documents in Your possession, custody, or control that relate to, support, or rebut any of Your defenses or factual allegations in Defendant's Answer.

> **REPONSE:**   **This Defendant objects to this Request on the basis of ambiguity, in that whether any document supports or rebuts any allegation is a legal conclusion and/or matter of opinion which has no objective criteria for determination.  Subject to the foregoing, please refer to all produced documents.**

3.    **Documents re: Named Plaintiffs.** Any and all documents regarding any Plaintiff in this Action.

> **REPONSE:**   **See Lauren Spurlock's Medical Records, WEX00000808-WEX00000853.
> See Heather Smith's Medical Records, WEX00000774-WEX00000806.**

3

> **See Shawn Zmudzinski's Medical Records, WEX00020771-WEX00020882. See Laruen Spurlock Housing Records, WEX00000807. See Heather Smith Housing Records, WEX00000772-WEX00000773. These documents were produced on February 16, 2024.**

**Contract Documents**

4.    **Wexford Contracts.** Any of Your contracts with jails and prisons that were operative from January 1, 2017 to the present.

> **REPONSE:    See WEX00020883-WEX00020892; WEX00020988-WEX00021001; WEX00021161-WEX00021164; WEX00021128-WEX00021159; WEX00021166; WEX00021167-WEX00021168; WEX00021169; and, WEX00021170-WEX00021262 produced on February 19, 2024. See WEX00031882-WEX00033039 produced on March 15, 2024. The Illinois and Maryland contracts will be supplemented upon receipt.**

5.    **Wexford Contract Documents.** With respect to any contracts produced in response to Request for Production No. 4, any and all communications or requests for proposals and Responses (or draft responses) between You and each state or municipality prior to entering into any such contracts.

> **REPONSE:    See WEX00021369-WEX00021637 produced on February 26, 2024; WEX00021820-WEX00022574 produced on February 26, 2024. See WEX0022575-WEX0023474 produced on February 29, 2024. See WEX00032492-00032500 produced on March 15, 2024. The responses to the RFPs for all other contracts besides West Virginia and Yavapai RTC will be produced upon receipt.**

**Opioid Use Disorder and Treatment**

6.    All documents in Your possession, custody, or control that discuss opioid use disorder, how to diagnose OUD, or the medical standard of care for treating OUD, as well as any related communications.

> **REPONSE:    This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, this Defendant has produced documents in this regard from 2017 through 2023 and will continue to produce documents in this regard. Specifically, see WEX00000001-**

4

**WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024. See WEX00014669-WEX00014672 produced on February 16, 2024. See WEX00021086-WEX00021127 produced on February 19, 2024. See WEX00020893-WEX00020987 produced on February 19, 2024.**

7.      All documents in Your possession, custody, or control discussing, reflecting, or concerning any short-term or long-term benefits of providing MOUD to incarcerated populations, including any such benefits to individuals or communities at large.

<u>**REPONSE:**</u>     **This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, this Defendant has produced documents in this regard from 2017 through 2023 and will continue to produce documents in this regard. Specifically, see WEX00014669-WEX00014672 produced on February 16, 2024. See WEX00021086-WEX00021127 produced on February 19, 2024. See WEX00020893-WEX00020987 produced on February 19, 2024.**

8.      All documents that discuss or relate to ensuring or expanding access to MOUD in jails and prisons or removing barriers to treatment of OUD.

<u>**REPONSE:**</u>     **This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, this Defendant is currently in the process of reviewing electronically stored information between 2017 and 2023 that may be responsive to this request and upon receipt will produce same. Specifically, see WEX00014669-WEX00014672 produced on February 16, 2024. See WEX00021086-WEX00021127 produced on February 19, 2024. See WEX00020893-WEX00020987 produced on February 19, 2024.**

9.      All documents in Your possession, custody, or control that discuss, refer to, or concern any third-party recommendations, guidance, plans, strategies, investigations, tips, or statements such as those referenced in paragraphs 70 to 97 of Plaintiffs' Complaint, including (without limitation) the American Medical Association's Opioid Task Force Recommendations, the American Society of Addiction of Medicine's Practice Guidelines, the National Commission on

Correctional Health Care's 2021 guidelines on Opioid Use Disorder Treatment in Correctional Settings, the Federal Bureau of Prisons guidance on Opioid Use Disorder, Diagnosis, Evaluation, and Treatment, the Biden Administration's 2022 National Drug Control Strategy, the Department of Justice's 2022-2026 Strategic Plan, and reports or publications of the U.S. Department of Health and Human Services, the World Health Organization, former President Trump's 2017 Commission on Combating Drug Addiction and the Opioid Crisis, or the Department of Justice ("DOJ") including any documents or correspondence relating to the DOJ's investigation into Cumberland County for failure to provide MOUD to its incarcerated population) or from other sources including the American Correctional Association.

> **REPONSE:** **See WEX00021086-WEX00021127 and WEX00020893-WEX00020987 produced on February 19, 2024. This Defendant will continue to supplement this response as it receives information.**

10.    All documents in Your possession, custody, or control discussing or concerning the opioid epidemic in America or the risks of overdose deaths resulting from opioid use.

> **REPONSE:** **This Defendant objects to this request as it is vague in that this Defendant does not know what Plaintiff means "discussing or concerning the opioid epidemic in America" as same is open to broad interpretation. Without waiving this objection, see WEX00014669-WEX00014672 produced on February 16, 2024. See WEX00021086-WEX00021127 produced on February 19, 2024. See WEX00020893-WEX00020987 produced on February 19, 2024.**

11.    All documents discussing, reflecting, or concerning the forcible withdrawal, disruption of treatment, or failure to continue treatment of individuals on medication for opioid use disorder, including any symptoms or death associated with such withdrawal, or any other potential risks associated with the same (whether while incarcerated or upon release), such as (without limitation) the likelihood of compromising long-term recovery from OUD and the increased risk of relapse and overdose, as well as death.

6

**REPONSE:** **This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, this Defendant is currently in the process of reviewing electronically stored information between 2017 and 2023 that may be responsive to this request and upon receipt will produce same. Specifically, see WEX00014669-WEX00014672 produced on February 16, 2024. See WEX00021086-WEX00021127 produced on February 19, 2024. See WEX00020893-WEX00020987 produced on February 19, 2024. See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024.**

12.    All documents discussing, reflecting, or concerning the number or percentage of incarcerated individuals with a substance use disorder or specifically an opioid use disorder, as well as the number or percentage of such under the care of Wexford from January 1, 2017 to the present.

**REPONSE:** **See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.**

13.    All documents discussing, reflecting, or concerning the number or percentage of incarcerated individuals with access to illicit opioids, as well as the number or percentage of such under the care of Wexford from January 1, 2017 to the present.

**REPONSE:** **This Defendant will produce any such documents upon receipt.**

14.    All documents relating to any deaths or life-threatening symptoms of individuals under the care of Wexford potentially or actually resulting from forcible withdrawal from MOUD or of individuals who had opioids in their system or were suspected of having opioids in their system in or around the time of death.

**REPONSE:** **This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, see WEX00025830-00025834; WEX00030303-00030313 produced on March 8, 2024. This Defendant will continue to produce documents as it finds them related to this request.**

7

**Wexford's Opioid Policies and Practices**

15.    **Opioid Training Materials and Policies.** Any and all policies, training materials, guidelines, protocols, or internal memoranda concerning the treatment or withdrawal of incarcerated individuals with a history of opioid dependence, OUD, illicit opioid use, or who were using prescription or non-prescription opioids (including MOUD) while under the care of Wexford from January 1, 2017 to the present, as well as any communications relating to the same (including relating to the development and implementation of the same or the justification/reasons underlying the same). This Request includes without limitation any "detox protocols," such as that referenced in Wexford's Medical Guidelines, and Wexford's Drug Intoxication/Withdrawal guidelines.

> <u>REPONSE:</u>    **See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024.**

16.    **Opioid Treatment Policies and Practices.** Any and all documents reflecting or discussing Wexford's policies, practices, or procedures from January 1, 2017 to the present (as well as the development of, implementation of, or reasons/justification for the same) for treating incarcerated individuals under the care of Wexford who had a history of opioid dependence, OUD, or illicit opioid use, or who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford), including (without limitation) documents reflecting or discussing Wexford's policies, practices, or procedures for determining whether an individual had a history of opioid dependence, OUD, or illicit opioid use, or were using prescription or non-prescription opioids at intake or while under the care of Wexford, determining whether an individual had a prescription for MOUD, determining whether to provide MOUD to an individual, or withdrawing individuals from MOUD.

8

> **REPONSE:** **See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024.**

17. **Medical Guidelines.** Any and all versions of Wexford's Medical Guidelines that were operative from January 1, 2017 to the present, and applicable to any prison or jail for which Wexford provides or provided medical care, as well as any related documents that serve as the basis for Wexford's denial of Paragraph 133 of the Complaint.

> **REPONSE:** **See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024.**

18. **Differences in Treatment for Pregnant versus Non-Pregnant Individuals with OUD.** All documents discussing, referencing, or relating to differences in treatment between pregnant and non-pregnant individuals under Wexford's care who have OUD, have a history of opioid dependence, or are taking opioids, as well as any documents discussing, referencing, or relating to the justification or reasons for such treatment differences.

> **REPONSE:** **This Defendant objects to this request as it is overly broad in that it is not limited in the scope of time for documents for which it seeks. Without waiving this objection, this Defendant is currently in the process of reviewing electronically stored information between 2017 and 2023 that may be responsive to this request and upon receipt will produce same.**

**Wexford's Opioid Screening and Tracking**

19. **Intake Forms.** Exemplar intake forms (and identify the Bates number of exemplars) from each prison and/or jail in which Wexford has served as a medical contractor from January 1, 2017 to the present, as well as documents sufficient to show how any information relating to OUD, opioid dependence, illicit opioid use, current opioid use, or MOUD is maintained electronically.

> **REPONSE:** **See WEX0021004-WEX00021083 produced on February 19, 2024.**

9

20.     **Opioid Screening Documents.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, or assessing an incarcerated individual's history of opioid dependence, OUD, illicit opioid use, or use of prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford) (and identify the Bates number of exemplars), such as (without limitation) the Texas Christian University (TCU) Drug Screen or the Rapid Opioid Dependence Screen (RODS), as well as documents sufficient to show how any such information is maintained electronically.

**REPONSE:**   See WEX00021160 produced on February 19, 2024.

21.     **Opioid Withdrawal Monitoring.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, assessing, or monitoring opioid withdrawal (and identify the Bates number of exemplars), such as (without limitation) the Clinical Opiate Withdrawal Scale (COWS), as well as documents sufficient to show how any such information is maintained electronically.

**REPONSE:**   See WEX00021002-WEX00021003 produced on February 19, 2024.

22.     **Opioid Tracking.** Documents sufficient to show whether and how Wexford has maintained lists of, reported, recorded, or otherwise tracked from January 1, 2017 to the present incarcerated individuals who have a history of opioid dependence, OUD, or illicit opioid use, or those who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford); who were offered opioid-related addiction services by Wexford or by the carceral facility with which Wexford contracts including counseling; who are withdrawing from opioids and any related symptoms or deaths relating to the same; or who have a history of taking MOUD, including (without limitation) all internal statistics regarding incarcerated individuals

10

with OUD and regarding Wexford's prescription of MOUD as referenced in Wexford's Initial Disclosures.

> **REPONSE:** See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.

23. **Medication for Opioid Use Disorder.** Documents sufficient to show whether and how Wexford has maintained lists of, recorded, or otherwise tracked the provision of medication for opioid use disorder to incarcerated individuals at each prison and jail with which it has contracted from January 1, 2017 to the present.

> **REPONSE:** See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.

24. **Opioid Reports.** Documents sufficient to show any reports relating to opioids Wexford has run or prepared from January 1, 2017 to the present for internal purposes or to provide to third parties, including but not limited to the states and/or municipalities with which it contracts, identifying incarcerated individuals who have a history of opioid dependence, OUD, or illicit opioid use, or were using prescription or non-prescription opioids (including MOUD) at the time of such report; who have been offered opioid-related addiction services by Wexford or by the carceral facility with which Wexford contracts including counseling; who have been identified as withdrawing from opioids; or who have a history of taking MOUD.

> **REPONSE:** See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.

25. **Electronic Medical Records.** Training manuals, guidelines, or other documents sufficient to show how each of the prisons or jails for which Wexford provides or provided medical

11

care maintain their electronic medical record system, including (without limitation) how that system is operated and how information is uploaded to the system.

> **REPONSE:** **This Defendant is in the process of gathering these materials and will supplement upon receipt.**

26.    **Cost Analyses.** All studies, analyses, communications, or other documents discussing, reflecting, or concerning the actual or potential cost of providing MOUD.

> **REPONSE:** **This Defendant is not aware of any documents responsive to this request, but should any documents be discovered, this Defendant will supplement upon receipt.**

27.    **Risk v. Benefit Analyses.** All studies, analyses, communications, or other documents discussing, reflecting, concerning, or comparing the potential or actual risks or benefits to Wexford of providing or not providing MOUD to incarcerated individuals under Wexford's care.

> **REPONSE:** **This Defendant is not aware of any documents responsive to this request, but should any documents be discovered, this Defendant will supplement upon receipt.**

**Expert/Opinion Witnesses**

28.    **Expert documents.** All documents constituting, reflecting, or relating to any expert/opinion witness reports, opinions, and/or communications regarding this litigation or the subject matter of this litigation, and all documents relied upon by any expert who will be testifying or submitting an affidavit with respect to any motion by Defendant or at trial.

> **REPONSE:** **This Defendant is not in possession of any documents responsive to this request. This request will be supplemented as discovery continues.**

29.    **Expert File.** A complete copy of the entire file of each expert or opinion witness consulted in connection with this case, including any and all documents, publications, or other materials supplied to, relied upon, utilized, or considered by such witnesses in forming their opinions.

12

**REPONSE:** **This Defendant is not in possession of any documents responsive to this request. This request will be supplemented as discovery continues.**

30.    **Expert Compensation.** All bills, invoices, statements, or other communications between Wexford and any expert relating to compensation for the expert's work or testimony.

**REPONSE:** **This Defendant is not in possession of any documents responsive to this request. This request will be supplemented as discovery continues.**

31.    **Expert CV.** A copy of the curriculum vitae for any person whom you intend or expect to call as an expert witness at the trial of this matter.

**REPONSE:** **This Defendant is not in possession of any documents responsive to this request. This request will be supplemented as discovery continues.**

**Wexford's Public Statements**

32.    **Public Statements.** Any and all press releases or other documents pertaining to or reflecting public comments made by Wexford concerning the treatment of incarcerated individuals with a history of opioid dependence, OUD, or illicit opioid use, or incarcerated individuals who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford), or with a history of using MOUD, including current or historical pages on Wexford's website, and all communications regarding the same.

**REPONSE:** **See article authored by Dr. Mitcheff for the National Commission on Correctional Health Care electronic newsletter, CorrectCare Extra. The article ran on March 23, 2023, April 20, 2023, and, October 5, 2023, and can also be found on Wexford's website at <ins>https://www.wexfordhealth.com/2023/03/17/medications-for-opioid-use-disorder-moud-programming-can-and-will-benefit-correctional-health-care-and-the-greater-community/</ins>. See WEX00014669-0014672.**

33.    **Social Media.** All electronic communications, including messages sent or posts, using social media platforms, including X (formerly known as Twitter), Facebook, Instagram, TikTok, or other social media sites reflecting, responding to, or commenting on the treatment of

13

individuals with a history of opioid dependence, OUD, MOUD, or illicit opioid use, or those who were using prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford).

> **REPONSE:**    **This Defendant is not aware of any documents responsive to this request.**

34.    **Articles.** Any and all published articles or other publications that Wexford had any role in drafting, editing, reviewing, or funding pertaining to the treatment of individuals with opioid use disorder or a history of opioid dependence, illicit opioid use, or MOUD.

> **REPONSE:**    **See PDF of article authored by Dr. Mitcheff for the National Commission on Correctional Health Care electronic newsletter, CorrectCare Extra. The article ran on March 23, 2023, April 20, 2023, and, October 5, 2023, and can also be found on Wexford's website at https://www.wexfordhealth.com/2023/03/17/medications-for-opioid-use-disorder-moud-programming-can-and-will-benefit-correctional-health-care-and-the-greater-community/. See WEX00014669-0014672.**

35. **Website.** All documents that form the basis for Wexford's denial of Paragraph 134 of the Complaint, including the website pages that Wexford alleges contradict the description of Wexford's website in that paragraph.

> **REPONSE:**    **See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024.**

**Complaints, Investigations, and Litigation Materials**

36.    **Sworn Statements.** Any affidavits or sworn statements obtained from any individual in relation to this lawsuit, any allegation contained in the Complaint, or any defense or allegation contained in Defendant's Answer.

> **REPONSE:**    **This Defendant is not in possession, custody, or control of any documents responsive to this request.**

37.    **Complaints.** All documents reflecting, constituting, discussing, or otherwise relating to any disciplinary reports, complaints (legal or non-legal), investigations, lawsuits, or other reprimands against Wexford or any Wexford employee, including but not limited to medical providers, related to the treatment of incarcerated individuals with substance use disorder, including the provision, denial, or forced withdrawal of MOUD or other opioids, and wrongful death or injury related to opioids from January 1, 2017 until the present.

> **REPONSE:**    **This Defendant objects to this request in that many of the records requested are public records which are equally accessible to all parties. The United States District Court for the Northern District of West Virginia has held that "discovery need not be required of documents of public record which are equally accessible to all parties." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 201 (N.D.W.Va. 2000).**
>
> **Without waiving this objection, see WEX0023479-0031881 produced on March 8, 2024.**

38.    **Legal Claims and Files.** Any and all claims filed in court against Wexford relating to the failure to provide MOUD and the complete case file associated with the same, including any documents produced by either party, any deposition transcripts or other recorded statements taken, any discovery responses, and any court filings.

> **REPONSE:**    **This Defendant objects to this request in that many of the records requested are public records which are equally accessible to all parties. The United States District Court for the Northern District of West Virginia has held that "discovery need not be required of documents of public record which are equally accessible to all parties." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 201 (N.D.W.Va. 2000).**
>
> **Without waiving this objection, see WEX0023479-0031881 produced on March 8, 2024.**

**Wexford's Affirmative Defenses**

39.    All documents relating to Defendant's fourth and ninth affirmative defenses that Defendant acted in accordance with "clearly established law" or "clearly established duty, standards,

15

laws, regulations, or rules," including documents that show which duty, standards, laws, regulations,

or rules Defendant is referring to in these defenses, and all communications discussing such duties,

standards, laws, regulations, or rules.

> **REPONSE:** **This Defendant objects to this Request on the basis that is an improperly premature contention request. "Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period."** *Capacchione v. Charlotte—Mecklenburg Board of Education*, **182 F.R.D. 486, 489 (W.D.N.C. 1998). Premature contention interrogatories are disallowed for several reasons. First, "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed."** *Cornell Research Found., Inc. v. Hewlett Packard Co.*, **223 F.R.D. 55, 66 (N.D.N.Y. 2003). Second, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless.** *Taggart v. Damon Motor Coach*, **2007 U.S. Dist. LEXIS 3462, 2007 WL 152101, \*8 (N. D. W. Va., Jan. 17, 2007) (citing** *In re Convergent Technologies Sec. Litig.*, **108 F.R.D. 328, 338 (N.D. Cal. 1985)). Many affirmative defenses are asserted prophylactically so as not to waive the same in the event they may become relevant in the course of discovery, and many affirmative defenses are pled in the alternative. As discovery has not yet closed, this Defendant is not yet necessarily aware of all facts upon which the Plaintiffs may base a theory of the case, and therefore cannot state with certainty all defenses it will raise, or what facts will support those defenses. Where multiple alternate theories or defenses may ultimately be selected and relied on, a party "is not required to arbitrarily select one or to speculate which theory it might ultimately choose, simply because they have been asked to do so."** *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, **230 F.R.D. 538, 545 (N.D.Ill. 2005);** *Stabilus v. Haynsworth, Baldwin, Johnson and Greaves, P.A.*, **144 F.R.D. 258, 263 (E.D.Pa. 1992);** *Rodrigues v. Hrinda*, **56 F.R.D. 11, 14 (W.D.Pa. 1972). This Defendant also objects to this Request on the basis that it requests the undersigned to disclose its intended case strategy, which is protected by the Attorney Work Product privilege. Last, some of these affirmative defenses may be subject to expert opinion and thus makes this interrogatory premature.**

40.     All documents relating to Defendant's fifth affirmative defense regarding injuries

caused by "negligence, intentional acts, criminal acts, or other wrongful conduct of persons, firms,

or corporations," including (without limitation) documents showing which persons, firms, and corporations Defendant is referring to and what negligence, intentional acts, criminal acts, or other wrongful conduct those persons, firms, and corporations allegedly committed.

**REPONSE:**   **See objection to RPD No. 39.**

41.     All documents relating to Defendant's seventh and seventeenth affirmative defenses regarding Wexford's asserted immunities, including documents sufficient to identify each form of immunity that Defendant claims applies to Plaintiffs' claims.

**REPONSE:**   **See objection to RPD No. 39.**

42.     All documents relating to Defendant's eleventh affirmative defense Plaintiffs have "unclean hands."

**REPONSE:**   **See objection to RPD No. 39.**

43.     All documents relating to Defendant's thirteenth affirmative defense, including documents identifying the "prescribed or known standard of action" to which Defendant refers and the origin thereof, as well as any communications relating to the same.

**REPONSE:**   **See objection to RPD No. 39.**

44.     The factual and legal basis for your assertion in Wexford's fourteenth affirmative defense that Plaintiffs have failed to mitigate their damages.

**REPONSE:**   **See objection to RPD No. 39. Further, this is not a request for production of document, but an interrogatory and therefore, this Defendant is not required to respond to same.**

45.     All documents relating to Defendant's eighteenth affirmative defense of privilege, including documents sufficient to identify which specific privilege or privileges Defendant argues applies to which of Plaintiffs' claim or claims, as well as any communications discussing, referencing, or relating to such privilege(s).

17

**REPONSE:** **See objection to RPD No. 39.**

46. All documents relating to the reasons for any decisions made by You referenced in Defendant's nineteenth affirmative defense.

**REPONSE:** **See objection to RPD No. 39.**

47. Documents sufficient to show any party, individual, or entity that Defendant may have a legal right of indemnification or contribution from, as set forth in Defendant's twenty-third defense, as well as any documents setting forth or otherwise supporting such potential legal right and any communications, notices, or other documents relating to the same.

**REPONSE:** **See objection to RPD No. 39.**

48. Any documents that You believe evidence spoliation as asserted in Defendant's twenty-fourth affirmative defense.

**REPONSE:** **See objection to RPD No. 39.**

49. All documents relating to Defendant's twenty-seventh affirmative defense of unconstitutional punitive damages under the Fifth, Eighth, and Fourteenth amendments.

**REPONSE:** **See objection to RPD No. 39.**

50. Any documents relating to collateral source payments supporting Defendant's thirty second affirmative defense.

**REPONSE:** **See objection to RPD No. 39.**

51. Any documents relating to any superseding or intervening causes referenced in Defendant's thirty-third affirmative defense.

**REPONSE:** **See objection to RPD No. 39.**

52. Any documents relating to Your assertion that Plaintiffs lack standing, as asserted in Defendant's thirty-seventh affirmative defense.

18

<u>**REPONSE:**</u>   **See objection to RPD No. 39.**

**Other**

53.   **Exhibits.** All exhibits that you intend to use at any stage of this litigation, including at trial.

<u>**REPONSE:**</u>   **As discovery is in its infancy, this Defendant does not yet know what exhibits it intends to use at any stage of this litigation, including trial. This Defendant will supplement this disclosure as discovery continues.**

54.   **Indemnity Agreements.** All contracts or agreements between Wexford and any third party or any insurance policy, plan, or other coverage document that could potentially apply to satisfy all or part of a possible judgment in this action or to indemnify or reimburse payments made to satisfy all or part of any judgment in this action or pay (in whole or part) legal expenses and/or costs related to litigating this action, as well as any related notices or communications.

<u>**REPONSE:**</u>   **Plaintiffs' counsel is already in possession of the documents responsive to this request.**

55.   **Organizational Charts.** All organizational charts and/or documents reflecting Your current and past employment hierarchy, including (without limitation) for any corporate subdivisions involved in Wexford's medical contracting with prisons and/or jails from January 1, 2017 to the present.

<u>**REPONSE:**</u>   **See WEX00021654-0021742.**

56.   **Key Individuals.** Documents sufficient to identify the key individuals involved in determining, implementing, or training staff regarding Wexford's policies regarding provision of or denial of MOUD or treatment of opioid use disorder.

<u>**REPONSE:**</u>   **This Defendant objects to this Request as it is vague and this Defendant does not know what is meant by "key individuals." Without waiving this objection, see Defendant's Rule 26(a)(1) Disclosure as well as any individuals identified in the responses to interrogatories.**

57.    **Documents Reviewed or Relied Upon by Defendant.** All documents that You identified, relied on, referred to, reviewed, or otherwise considered in responding to Plaintiffs' Interrogatories.

**REPONSE:**    **None other than what is referenced in these responses and produced herein.**

                                    **WEXFORD      HEALTH      SOURCES
                                    INCORPORATED,
                                    By Counsel,**

  /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

LAUREN SPURLOCK; HEATHER
SMITH; and SHAWN ZMUDZINSKI,
individually and on behalf of all others
similarly situated,

    **Plaintiffs,**

v.                            **Civil Action No. 3:23-cv-00476**
                                    **Honorable Robert C. Chambers**

WEXFORD HEALTH SOURCES
INCORPORATED,

    **Defendant.**

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail on this day, March 18, 2023:

Anna C. Haac
Gemma Seidita
Lauren A. Kuhlik
Tycko & Zavareeli LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC 20006

# EXHIBIT 2.c

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

LAUREN    SPURLOCK;    HEATHER
SMITH;  and  SHAWN  ZMUDZINSKI,
individually  and  on  behalf  of  all  others
similarly situated,

    **Plaintiffs,**

**v.**                                                      **Civil Action No. 3:23-cv-00476**
                                      **Honorable Robert C. Chambers**

WEXFORD    HEALTH    SOURCES
INCORPORATED,

    **Defendant.**

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FIRST SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K. Herrick,

Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C., and

pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* supplement the

following responses to **Plaintiffs' First Set of Requests for Production** without waiving any

objection this Defendant may have as to the relevancy or admissibility of any of the information

contained herein:

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

A.    The following responses are based upon information and documentation presently

available to this Defendant and which this Defendant believes to be complete and accurate.  Said

responses are made without prejudice to this Defendant's right to rely upon subsequently discovered

facts or evidence.

B.    No incidental or implied admission of fact by this Defendant is made by the responses

1

below.   The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.      Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time.   However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.      This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.      This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.      This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation.  This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

G.      This Defendant states that the information supplied in the following responses may

2

not be based solely on the knowledge of the executing party, but may include the knowledge of the party's agents, representatives and attorneys, unless privileged.

H.    This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.    This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

## REQUESTS

15.    **Opioid Training Materials and Policies.** Any and all policies, training materials, guidelines, protocols, or internal memoranda concerning the treatment or withdrawal of incarcerated individuals with a history of opioid dependence, OUD, illicit opioid use, or who were using prescription or non-prescription opioids (including MOUD) while under the care of Wexford from January 1, 2017 to the present, as well as any communications relating to the same (including relating to the development and implementation of the same or the justification/reasons underlying the same). This Request includes without limitation any "detox protocols," such as that referenced in Wexford's Medical Guidelines, and Wexford's Drug Intoxication/Withdrawal guidelines.

**REPONSE:**    **See WEX00000001-WEX00000515. See WEX00000854-WEX 00014672 produced on February 16, 2024. See WEX00021264-WEX00021368 produced on February 26, 2024. See WEX00023475-0023478 produced on February 29, 2024.**

**SUPPLEMENTAL RESPONSE:**    **See WEX00033989 - WEX00034011, WEX00034012 - WEX00034034, WEX00034035 - WEX00034055, WEX00034056 - WEX00034107, WEX00034108 - WEX00034179, WEX00034180, WEX00034181 produced on March 19, 2024.**

3

19.    **Intake Forms.** Exemplar intake forms (and identify the Bates number of exemplars) from each prison and/or jail in which Wexford has served as a medical contractor from January 1, 2017 to the present, as well as documents sufficient to show how any information relating to OUD, opioid dependence, illicit opioid use, current opioid use, or MOUD is maintained electronically.

> **REPONSE:**    See WEX0021004-WEX00021083 produced on February 19, 2024.

> **SUPPLEMENTAL RESPONSES:** See WEX00033360-WEX00033494 (Navajo County Jail Intake Forms); WEX00033495-WEX00033566 (Nueces County Jail Intake Forms); WEX00033567-WEX00033614 (St. Clair County Jail Intake Forms); WEX00033615-WEX00033741 (WV Prison Intake Forms); WEX00033742-WEX00033897 (WV Jails Intake Forms) produced on March 19, 2024.

25.    **Electronic Medical Records.** Training manuals, guidelines, or other documents sufficient to show how each of the prisons or jails for which Wexford provides or provided medical care maintain their electronic medical record system, including (without limitation) how that system is operated and how information is uploaded to the system.

> **REPONSE:**    This Defendant is in the process of gathering these materials and will supplement upon receipt.

> **SUPPLEMENTAL RESPONSES:** See WEX00033898-WEX00033988 and WEX00034182-WEX00034361 produced on March 19, 2024.

> **WEXFORD HEALTH SOURCES INCORPORATED,**
> **By Counsel,**

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710

4

Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

    **Plaintiffs,**

**v.**

                                 **Civil Action No. 3:23-cv-00476**
                                 **Honorable Robert C. Chambers**

WEXFORD HEALTH SOURCES INCORPORATED,

    **Defendant.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail system on this day, March 20, 2024:

Anna C. Haac
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV  25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC  20006
Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV  25302
Attorney For: Plaintiffs


 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

# EXHIBIT 2.d

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

LAUREN    SPURLOCK;    HEATHER
SMITH;  and  SHAWN  ZMUDZINSKI,
individually  and  on  behalf  of  all  others
similarly situated,

    **Plaintiffs,**

**v.**                                                    **Civil Action No. 3:23-cv-00476**
                                                         **Honorable Robert C. Chambers**

WEXFORD    HEALTH    SOURCES
INCORPORATED,

    **Defendant.**

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S SECOND SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

    **NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K.

Herrick, Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C.,

and pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* supplement the

following responses to **Plaintiffs' First Set of Requests for Production** without waiving any

objection this Defendant may have as to the relevancy or admissibility of any of the information

contained herein:

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

    A.    The following responses are based upon information and documentation presently

available to this Defendant and which this Defendant believes to be complete and accurate.  Said

responses are made without prejudice to this Defendant's right to rely upon subsequently

discovered facts or evidence.

    B.    No incidental or implied admission of fact by this Defendant is made by the

1

responses below.  The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.    Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time.  However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.    This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.    This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.    This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation.  This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

2

G.      This Defendant states that the information supplied in the following responses may not be based solely on the knowledge of the executing party, but may include the knowledge of the party's agents, representatives and attorneys, unless privileged.

H.      This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.      This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

## REQUESTS

37.     **Complaints.** All documents reflecting, constituting, discussing, or otherwise relating to any disciplinary reports, complaints (legal or non-legal), investigations, lawsuits, or other reprimands against Wexford or any Wexford employee, including but not limited to medical providers, related to the treatment of incarcerated individuals with substance use disorder, including the provision, denial, or forced withdrawal of MOUD or other opioids, and wrongful death or injury related to opioids from January 1, 2017 until the present.

**REPONSE:**      **This Defendant objects to this request in that many of the records requested are public records which are equally accessible to all parties. The United States District Court for the Northern District of West Virginia has held that "discovery need not be required of documents of public record which are equally accessible to all parties." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 201 (N.D.W.Va. 2000).**

**Without waiving this objection, see WEX0023479-0031881 produced on March 8, 2024.**

**SUPPLEMENTAL RESPONSE:**      **See WEX00152929 - WEX00166835 produced on March 26, 2024.**

3

**WEXFORD      HEALTH      SOURCES
INCORPORATED,
By Counsel,**

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

4

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

LAUREN SPURLOCK; HEATHER
SMITH; and SHAWN ZMUDZINSKI,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

                                      **Civil Action No. 3:23-cv-00476**
                                      **Honorable Robert C. Chambers**

WEXFORD HEALTH SOURCES
INCORPORATED,

    Defendant.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail system on this day, March 27, 2024:

Anna C. Haac
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC 20006
Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Attorney For: Plaintiffs

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

# EXHIBIT 2.e

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

LAUREN    SPURLOCK;    HEATHER
SMITH; and SHAWN ZMUDZINSKI,
individually and on behalf of all others
similarly situated,

    **Plaintiffs,**

v.                                                  **Civil Action No. 3:23-cv-00476**
                                                    **Honorable Robert C. Chambers**

WEXFORD    HEALTH    SOURCES
INCORPORATED,

    **Defendant.**

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S THIRD SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K.

Herrick, Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C.,

and pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* supplement the

following responses to **Plaintiffs' First Set of Requests for Production** without waiving any

objection this Defendant may have as to the relevancy or admissibility of any of the information

contained herein:

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

A.      The following responses are based upon information and documentation presently

available to this Defendant and which this Defendant believes to be complete and accurate.  Said

responses are made without prejudice to this Defendant's right to rely upon subsequently

discovered facts or evidence.

B.      No incidental or implied admission of fact by this Defendant is made by the

1

responses below.  The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.     Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time.  However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.     This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.     This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.     This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation.  This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

2

G.    This Defendant states that the information supplied in the following responses may not be based solely on the knowledge of the executing party, but may include the knowledge of the party's agents, representatives and attorneys, unless privileged.

H.    This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.    This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

### REQUESTS

4.    **Wexford Contracts.** Any of Your contracts with jails and prisons that were operative from January 1, 2017 to the present.

> **REPONSE: See WEX00020883-WEX00020892; WEX00020988-WEX00021001; WEX00021161-WEX00021164; WEX00021128-WEX00021159; WEX00021166; WEX00021167-WEX00021168; WEX00021169; and, WEX00021170-WEX00021262 produced on February 19, 2024. See WEX00031882-WEX00033039 produced on March 15, 2024. The Illinois and Maryland contracts will be supplemented upon receipt.**
>
> **SUPPLEMENTAL RESPONSE: See Illinois Contract Documents – WEX00189046-00189376 produced on April 8, 2024; see Maryland Contract Documents – WEX00189377-WEX00189415 produced on April 8, 2024.**

20.    **Opioid Screening Documents.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present

3

for screening for, identifying, or assessing an incarcerated individual's history of opioid dependence,

OUD, illicit opioid use, or use of prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford) (and identify the Bates number of exemplars), such as (without limitation) the Texas Christian University (TCU) Drug Screen or the Rapid Opioid Dependence Screen (RODS), as well as documents sufficient to show how any such information is maintained electronically.

> **REPONSE:**   See **WEX00021160 produced on February 19, 2024.**

> **SUPPLEMENTAL RESPONSE:**   See **WEX00189416-WEX00189420 produced on April 8, 2024.**

> **WEXFORD     HEALTH     SOURCES INCORPORATED,**
> **By Counsel,**

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

4

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WEXFORD HEALTH SOURCES INCORPORATED,

    Defendant.

Civil Action No. 3:23-cv-00476
Honorable Robert C. Chambers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail system on this day, April 8, 2024:

Anna C. Haac
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC 20006
Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Attorney For: Plaintiffs

  /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

# EXHIBIT 2.f

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

LAUREN    SPURLOCK;    HEATHER
SMITH;  and  SHAWN  ZMUDZINSKI,
individually  and  on  behalf  of  all  others
similarly situated,

    **Plaintiffs,**

v.                                                                  **Civil Action No. 3:23-cv-00476**
                                                                    **Honorable Robert C. Chambers**

WEXFORD    HEALTH    SOURCES
INCORPORATED,

    **Defendant.**

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FOURTH SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

    **NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K. Herrick, Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C., and pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* supplement the following responses to **Plaintiffs' First Set of Requests for Production** without waiving any objection this Defendant may have as to the relevancy or admissibility of any of the information contained herein:

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

    A.    The following responses are based upon information and documentation presently available to this Defendant and which this Defendant believes to be complete and accurate.  Said responses are made without prejudice to this Defendant's right to rely upon subsequently discovered facts or evidence.

    B.    No incidental or implied admission of fact by this Defendant is made by the responses

1

below.  The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.      Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time.  However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.      This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.      This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.      This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation.  This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

G.      This Defendant states that the information supplied in the following responses may

2

not be based solely on the knowledge of the executing party, but may include the knowledge of the party's agents, representatives and attorneys, unless privileged.

H.    This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.    This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

## REQUESTS

19.    **Intake Forms.** Exemplar intake forms (and identify the Bates number of exemplars) from each prison and/or jail in which Wexford has served as a medical contractor from January 1, 2017 to the present, as well as documents sufficient to show how any information relating to OUD, opioid dependence, illicit opioid use, current opioid use, or MOUD is maintained electronically.

      **REPONSE:**   **See WEX0021004-WEX00021083 produced on February 19, 2024.**

      **SUPPLEMENTAL RESPONSE:**   **See New Mexico Intake Forms, WEX00189421-WEX00189429, produced on April 10, 2024.**

20.    **Opioid Screening Documents.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, or assessing an incarcerated individual's history of opioid dependence, OUD, illicit opioid use, or use of prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford) (and identify the Bates number of exemplars), such as (without limitation) the Texas Christian University (TCU) Drug Screen or the

Rapid Opioid Dependence Screen (RODS), as well as documents sufficient to show how any such information is maintained electronically.

**REPONSE:**   See WEX00021160 produced on February 19, 2024.

**SUPPLEMENTAL RESPONSE:**   See New Mexico Opioid Use Disorder (Diagnostic) Screener, WEX00189433 produced on April 10, 2024.

21.     **Opioid Withdrawal Monitoring.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, assessing, or monitoring opioid withdrawal (and identify the Bates number of exemplars), such as (without limitation) the Clinical Opiate Withdrawal Scale (COWS), as well as documents sufficient to show how any such information is maintained electronically.

**REPONSE:**   See WEX00021002-WEX00021003 produced on February 19, 2024.

**SUPPLEMENTAL RESPONSE:**   See New Mexico COWS Forms, WEX00189468 produced on April 10, 2024.

23.     **Medication for Opioid Use Disorder.** Documents sufficient to show whether and how Wexford has maintained lists of, recorded, or otherwise tracked the provision of medication for opioid use disorder to incarcerated individuals at each prison and jail with which it has contracted from January 1, 2017 to the present.

**REPONSE:**   See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.

**SUPPLEMENTAL RESPONSE:**   See New Mexico Vivitrol Program Forms, WEX00189430-WEX00189467, produced on April 10, 2024.

WEXFORD   HEALTH   SOURCES INCORPORATED,
By Counsel,

/s/ Jordan K. Herrick

4

Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

                         **Civil Action No. 3:23-cv-00476**
                         **Honorable Robert C. Chambers**

WEXFORD HEALTH SOURCES INCORPORATED,

    Defendant.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FOURTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail system on this day, April 10, 2024:

Anna C. Haac
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC 20006

Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV  25302
Attorney For: Plaintiffs

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

# EXHIBIT 2.g

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

LAUREN SPURLOCK; HEATHER
SMITH; and SHAWN ZMUDZINSKI,
individually and on behalf of all others
similarly situated,

    **Plaintiffs,**

v.                                      **Civil Action No. 3:23-cv-00476**
                                              **Honorable Robert C. Chambers**

WEXFORD HEALTH SOURCES
INCORPORATED,

    **Defendant.**

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FIFTH SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

    **NOW COME** the Defendant, Wexford Health Sources, Inc., by counsel, Jordan K.

Herrick, Justin C. Taylor, Harrison M. Cyrus, and the law firm of BAILEY AND WYANT, P.L.L.C.,

and pursuant to Rules 26, 33, 34 and 36 of the *Federal Rules of Civil Procedure* supplement the

following responses to **Plaintiffs' First Set of Requests for Production** without waiving any

objection this Defendant may have as to the relevancy or admissibility of any of the information

contained herein:

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

    A.    The following responses are based upon information and documentation presently

available to this Defendant and which this Defendant believes to be complete and accurate. Said

responses are made without prejudice to this Defendant's right to rely upon subsequently

discovered facts or evidence.

    B.    No incidental or implied admission of fact by this Defendant is made by the

1

responses below. The fact that this Defendant has responded to **Plaintiffs' First Set of Requests for Production** may not properly be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

C.    Responses to **Plaintiffs' First Set of Requests for Production** may be supplemented upon this Defendant's further investigation and acquisition of information or documentation which this Defendant does not possess or have knowledge of at this time. However, any such further supplementation shall be made only in accordance with the *Federal Rules of Civil Procedure*.

D.    This Defendant objects to each and every Request insofar as it seeks information which is protected by the attorney/client privilege, or which falls within the scope of the attorney work-product doctrine. This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that the information and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome or less expensive.

E.    This Defendant objects to any definitions and instructions set forth in **Plaintiffs' First Set of Requests for Production** to the extent that the definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in the *Federal Rules of Civil Procedure*.

F.    This Defendant objects to **Plaintiffs' First Set of Requests for Production** to the extent that they seek to discover confidential information or documentation. This Defendant will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with which this Defendant may have obligations concerning confidential information.

2

G.      This Defendant states that the information supplied in the following responses may not be based solely on the knowledge of the executing party, but may include the knowledge of the party's agents, representatives and attorneys, unless privileged.

H.      This Defendant states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

I.      This Defendant is answering and responding to **Plaintiffs' First Set of Requests for Production** in conformity with the requirements set forth in the *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in **Plaintiffs' First Set of Requests for Production.**

## REQUESTS

19.      **Intake Forms.** Exemplar intake forms (and identify the Bates number of exemplars) from each prison and/or jail in which Wexford has served as a medical contractor from January 1,

2017 to the present, as well as documents sufficient to show how any information relating to OUD, opioid dependence, illicit opioid use, current opioid use, or MOUD is maintained electronically.

> **REPONSE:**   **See WEX0021004-WEX00021083 produced on February 19, 2024.**

> **SUPPLEMENTAL RESPONSE:**   **See Illinois Intake Forms, WEX00190492-WEX00190555, produced on April 18, 2024.**

20.      **Opioid Screening Documents.** Exemplars of any test, checklist, worksheet, examination, evaluation or other tool that Wexford uses or used from January 1, 2017 to the present for screening for, identifying, or assessing an incarcerated individual's history of opioid dependence,

3

OUD, illicit opioid use, or use of prescription or non-prescription opioids (including MOUD) (whether at intake or while under the care of Wexford) (and identify the Bates number of exemplars), such as (without limitation) the Texas Christian University (TCU) Drug Screen or the Rapid Opioid Dependence Screen (RODS), as well as documents sufficient to show how any such information is maintained electronically.

**REPONSE:** See WEX00021160 produced on February 19, 2024.

**SUPPLEMENTAL RESPONSE:** See New Hampshire MAT/MOUD Program Documents, WEX00189469-WEX00189481 and WEX00190556-WEX00190557, produced on April 18, 2024.

23. **Medication for Opioid Use Disorder.** Documents sufficient to show whether and how Wexford has maintained lists of, recorded, or otherwise tracked the provision of medication for opioid use disorder to incarcerated individuals at each prison and jail with which it has contracted from January 1, 2017 to the present.

**REPONSE:** See WEX00021084-WEX00021085 produced on February 19, 2024. See WEX00021165 produced on February 19, 2024. See WEX00021263 produced on February 19, 2024. See WEX0021808-0021819 produced on February 26, 2024.

**SUPPLEMENTAL RESPONSE:** See New Hampshire MAT/MOUD Program Documents, WEX00189469-WEX00189481 and WEX00190556-WEX00190557, produced on April 18, 2024.

38. **Legal Claims and Files.** Any and all claims filed in court against Wexford relating to the failure to provide MOUD and the complete case file associated with the same, including any documents produced by either party, any deposition transcripts or other recorded statements taken, any discovery responses, and any court filings.

**REPONSE:** **This Defendant objects to this request in that many of the records requested are public records which are equally accessible to all parties. The United States District Court for the Northern District of West**

4

Virginia has held that "discovery need not be required of documents of public record which are equally accessible to all parties." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 201 (N.D.W.Va. 2000).

Without waiving this objection, see WEX0023479-0031881 produced on March 8, 2024.

**SUPPLEMENTAL RESPONSE:**    See WEX007009-WEX00190491 produced on April 18, 2024.

**WEXFORD HEALTH SOURCES INCORPORATED,**
**By Counsel,**

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com

5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

LAUREN SPURLOCK; HEATHER SMITH; and SHAWN ZMUDZINSKI, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WEXFORD HEALTH SOURCES INCORPORATED,

    Defendant.

Civil Action No. 3:23-cv-00476
Honorable Robert C. Chambers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following parties via electronic mail system on this day, April 18, 2024:

Anna C. Haac
Gemma Seidita
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
Attorney For: Plaintiffs

W. Jesse Forbes
Jennier N. Taylor
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV  25301
Attorney For: Plaintiffs

Julie S. Selesnick
Berger Montague PC
2001 Pennsylvania Avenue, NW, Suite 300,
Washington, DC  20006

Attorney For: Plaintiffs

L. Dante diTrapano
Calwell Luce di Trapano PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV  25302
Attorney For: Plaintiffs


 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Justin C. Taylor (WV Bar #8014)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
jtaylor@baileywyant.com
hcyrus@baileywyant.com