IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LAUREN SPURLOCK;
HEATHER SMITH; and
SHAWN ZMUDZINSKI, individually and
on behalf of all other similarly situated,

                Plaintiffs,

v.                                        CIVIL ACTION NO. 3:23-0476

WEXFORD HEALTH SOURCES, INCORPORATED,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Pending are Plaintiffs' Motion To Strike Confidentiality Designations Of Documents, Or In The Alternative File Provisionally Under Seal (ECF No. 140), Defendant's Motion To Seal Various Portions Of Defendant Wexford Health Sources, Inc.'s Response In Opposition To The Motion For Class Certification And Various Exhibits Attached Thereto (ECF No. 148), and Plaintiffs' Motion To Strike Confidentiality Designations Of Documents, Or In The Alternative File Provisionally Under Seal (ECF No. 156). For the reasons that follow, Plaintiffs' Motions are **GRANTED** and Defendant's Motion is **HELD IN ABEYANCE**.

**DISCUSSION**

The right of public access to materials filed in a district court "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). "Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a

given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.,* 203 F.3d 291, 303 (4th Cir. 2000). The Fourth Circuit outlined requirements for district courts presented with a request to seal judicial records or documents:

> [T]he district court first 'must determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.' A district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988)) (internal citation omitted).

Materials attached to a motion for class certification are judicial records, and therefore subject to the common law right of access, because they "play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013); *see also Kingery v. Quicken Loans, Inc.*, No. 2:12-CV-01353, 2014 WL 1794863, at *1 (S.D.W. Va. May 6, 2014). Some documents subject to the common law right of access are also subject to a more stringent First Amendment guarantee of access. *Rushford*, 846 F.2d at 253. "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989); *Rushford*, 846 F.2d 249, 253 (4th Cir.1988)) (internal citation omitted).

Materials that fall within the common law right may be sealed only if "countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the

presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988). In weighing these interests, "factors to be considered 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021) (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180).

The Fourth Circuit has held that the First Amendment standard applies to documents filed in connection with summary judgment and to docket sheets. *Rushford*, 846 F.2d at 253; *Doe*, 749 at 269; *see also United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 174 (4th Cir. 2024) (holding that there is a First Amendment guarantee of access to materials filed with a summary judgment motion even when the case settled before any ruling on the motion). The Fourth Circuit has not decided whether this more stringent standard applies to materials attached to a motion for class certification. *See Virginia Dep't of State Police*, 386 F.3d at 580 ("[W]e have never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion.").

District courts across the country have reached different conclusions as to the status of class certification materials. Some courts apply the First Amendment standard. *See, e.g., in re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134,

at *5 (S.D.N.Y. Jan. 17, 2023) (explaining that documents submitted to a court as part of a summary judgment, class certification, or *Daubert* motion enjoy a First Amendment right of access), *reconsideration denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023); *In re Rock 'N Play Sleeper Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 1:19-MD-2903, 2022 WL 22922235, at *2 (W.D.N.Y. July 11, 2022) (finding First Amendment framework applied); *Brooks v. Trans Union LLC*, No. CV 22-48-KSM, 2024 WL 3584330, at *6 (E.D. Pa. July 30, 2024) (applying the First Amendment standard but noting that the appropriate standard in the Third Circuit is unclear). Some courts apply a less rigorous standard. *See, e.g., Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) (noting that the court could not locate any "case finding a First Amendment right of access to class certification briefing and exhibits" and applying the common law standard); *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *2 (S.D. Cal. July 29, 2015) (explaining that courts in the Ninth Circuit apply a good cause standard in some circumstances and a "compelling reason" standard in others).

The Fourth Circuit uses the "experience and logic" test to determine whether the First Amendment provides a right to access certain proceedings, "asking: "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) (quoting *Goetz*, 886 F.2d at 64). Both prongs must be satisfied. *Id.*

The first prong of this test is more difficult to apply. The Fourth Circuit has rejected claims to a First Amendment right of access under the first prong in the cases of search warrant affidavits and proceedings for disclosure of electronic records relevant to an ongoing criminal investigation.

*Goetz*, 886 F.2d at 64; *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 292. In those cases, the Fourth Circuit emphasized that the proceedings were typically closed to the public and that secrecy played an important role in their functioning. These processes each have a "common sense reason why proceedings . . . are not open to the public." *Goetz*, 886 F.2d at 64. Class certification proceedings are not similar. As to the history of the process, group litigation dates back to medieval times. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015) (summarizing historical scholarship); *see also* 7A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1751 (4th ed. April 2025 update) ("Class suits long have been a part of American jurisprudence."). While "forms of group litigation existed," "class or collective actions . . . were hardly known" before Federal Rule of Civil Procedure 23 created the modern class action in 1966. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 512 (2018).

    The second prong is clearly satisfied here. "[W]hen a district court considers whether to certify a class action, it performs the public function of determining whether the representative parties should be allowed to prosecute the claims of absent class members." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366-67 (4th Cir. 2004). Rule 23 confers on the court the "important responsibility . . . of carefully determining the class action issues and supervising the conduct of any class action certified." *Id.* at 367. A court cannot "defer to the representative parties on this responsibility[.]" *Id.*; *see also* Wright & Miller, *supra*, § 1765 (explaining that "the court is under an obligation to pay careful attention to the Rule 23(a)(4) prerequisite in every case" and "has an independent obligation to ensure that the due-process rights of the absent class members are protected").

    A court must determine that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The district court considers the extent to which

other class members support the representative parties. *McGlothlin v. Connors*, 142 F.R.D. 626, 633 (W.D. Va. 1992) (citing *Peterson v. Oklahoma City Housing Auth.*, 545 F.2d 1270, 1273 (10th Cir.1976)). Courts may even launch their own inquiries into potential conflicts. *See Dameron v. Sinai Hosp. of Baltimore, Inc.* 595 F. Supp. 1404, 1409 (D. Md. 1984) (ordering counsel for plaintiffs and defendants to meet with a union representing part of the proposed class and submit a report about the meeting to the court), *aff'd in part, rev'd in part*, 815 F.2d 975 (4th Cir.1987). An examination of whether the individuals inside the courtroom adequately represent those outside of it benefits significantly from public access. Public access is especially important in this case, where plaintiffs propose a nationwide class action against a contractor providing medical services on behalf of government entities.

The First Amendment likely provides a right of access to the class certification materials in this case. The Court finds that the public has received sufficient notice via the filing of the memoranda detailing the seal requests on the public docket. If the Court decides to seal information, it must "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" such as partial redaction. *Virginia Dep't of State Police*, 386 F.3d at 576.

### I.     Plaintiffs' Motions

Plaintiffs seek to unseal more than 15 documents attached to their memorandum in support and reply. These documents include policy guidelines, bid documents, presentations, and internal communications.

Defendant bears the burden of rebutting the presumption of public access with "specific reasons in support of its position." *Virginia Dep't of State Police*, 386 F.3d at 575. Defendant's

showing is insufficient under either the common law or the First Amendment standard.[1] Defendant provided an affidavit from its director of risk management asserting that the documents at issue in Plaintiffs' first motion "include detailed protocols, procedures, and presentations providing unique and concrete methodologies that enable Wexford personnel to deliver effective medical care to inmates in the unique and challenging environments presented by public correctional facilities." ECF No. 144-1 (Ebbitt Aff. I) ¶ 3. A second affidavit from this risk management official states that the document at issue in Plaintiffs' second motion "includes detailed protocols and procedures providing unique and concrete methodologies that enable Wexford personnel to deliver effective medical care to inmates in the unique and challenging environments presented by public correctional facilities." ECF No. 160-1 (Ebbitt Aff. II) ¶ 3. The affidavits further state that Defendant has expended "countless work hours" to develop these protocols and procedures. Ebbitt Aff. I ¶ 4; Ebbitt Aff. II ¶ 4. The affidavits state that disclosure "would cause immediate and tangible competitive harm to Wexford" and "immediately undercut Wexford's competitive position." Ebbitt Aff. I ¶ 7; Ebbitt Aff. II ¶ 6.

"A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269. Defendant has not identified any specific harm it suffered from prior releases

---

[1] Defendant notes that this court previously ruled that certain documents should remain under seal. ECF No. 144 at 2 n.2. That ruling concerned exhibits "offered for the purpose of resolving a discovery dispute." *Spurlock v. Wexford Health Sources, Inc.*, No. 3:23-CV-00476, 2024 WL 4979135, at *5 (S.D.W. Va. Dec. 4, 2024), *objections sustained in part and overruled in part*, No. CV 3:23-0476, 2025 WL 451688 (S.D.W. Va. Feb. 10, 2025). Materials attached to discovery motions are subject to the good cause standard, not the common law or First Amendment standards. *See Ohio Valley Env't Coal. v. Elk Run Coal Co.*, 291 F.R.D. 114, 124 (S.D.W. Va. 2013); *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:18-CV-01230, 2020 WL 6786158, at *1 (S.D.W. Va. Nov. 18, 2020).

of its procedures and protocols. In another case before this Court, *Baxley v. Jividen*, Defendant moved as a non-party to seal an agency master agreement between Defendant and the State of West Virginia, Defendant's technical response to a Request for Proposals, and addenda. *See* ECF No. 700, *Baxley* (No. 3:18-cv-01526). In *Baxley*, Defendant made the same arguments, using much of the same language, as here. *Compare* ECF No. 692, *Baxley* (No. 3:18-cv-01526) (describing "unique and concrete methodologies," "countless work hours" expended to produce them, and the threat of "immediate and tangible" competitive harm), *with* Ebbitt Aff. I (same), *and* Ebbitt Aff. II (same).

In *Baxley*, the Court noted that the documents at issue had been public for 14 months but Defendant "fail[ed] to cite a single instance where its competitive advantage in its bidding processes suffered because competitors unfairly accessed [the documents]." ECF No. 700, *Baxley* (No. 3:18-cv-01526), at 3. The Court also noted that the documents at issue were available to any interested party who submitted a public records request to the relevant state agency. *Id.* The Court cautioned Defendant that "a company's bare allegation of reputational harm" is not sufficient to defeat the public's right of access. *Id.* at 2 (citing *Doe*, 749 F.3d at 269).

The law does not permit "wholesale sealing of documents based upon unsubstantiated or speculative claims of harm," *Doe*, 749 F.3d at 270, or a "conclusory assertion" that publicity could cause harm, *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 15 (1986). Defendant acknowledges that its procedures and protocols are sometimes released to the public through public records requests to the governments with which it contracts. ECF No. 144 at 8 n.3. If the release of these documents causes "immediate and tangible" harm, Defendant should be able to provide a more substantial showing than is offered here. Defendant has not shown that these materials contain the type of proprietary information that justifies sealing. *Cf. Taylor v.*

*Wexford Health Sources, Inc.*, 737 F. Supp. 3d 357, 364 (S.D.W. Va. 2024) (denying a request to seal and noting that Wexford's guidelines for providers were "not particularly sensitive" and "appear to be drawn primarily from public medical sources"). Defendant has failed to meet its burden.

## II.  Defendant's Motion

Defendant seeks to seal the "sensitive medical information" of Plaintiffs Lauren Spurlock, Heather Smith, and Shawn Zmudzinski contained in Defendant's Response in Opposition and the attached Exhibit 1. ECF No. 149 at 3. This exhibit is the report of expert Dr. Tom Fowlkes, containing "information regarding Plaintiffs' physical and mental health and the allegations in question." *Id.* at 4. Defendant states that these materials "do not contain any information which would be of particular importance to the public." *Id.* Plaintiffs did not file a response to Defendant's motion.

Plaintiffs have a compelling interest in the confidentiality of detailed medical information. Some medical information "can be sealed without unduly restricting the ability of the public to follow and understand the proceedings." *Taylor*, 737 F. Supp. 3d at 363 (sealing medical records attached to summary judgment briefing in an action alleging improper medical treatment). In this case, however, Plaintiffs argue that their experiences with Defendant's medical care make them the proper representatives for a nationwide class.

Defendant has redacted key information about Plaintiffs' experiences with Defendant's medical care. *See* ECF No. 147 at 7-9. Out of an abundance of caution, the Court will allow Plaintiffs to respond to Defendant's request to seal before unsealing the redacted information in Defendant's memorandum or any information in the attached expert report.

**CONCLUSION**

The Court **GRANTS** Plaintiffs' Motion To Strike Confidentiality Designations Of Documents, Or In The Alternative File Provisionally Under Seal (ECF No. 140) and Plaintiffs' Motion To Strike Confidentiality Designations Of Documents, Or In The Alternative File Provisionally Under Seal (ECF No. 156). The documents attached to Plaintiffs' class certification briefs will be unsealed.

The Court **HOLDS IN ABEYANCE** its decision on Defendant's Motion To Seal Various Portions Of Defendant Wexford Health Sources, Inc.'s Response In Opposition To The Motion For Class Certification And Various Exhibits Attached Thereto (ECF No. 148). The Court **DIRECTS** Plaintiffs to file a brief memorandum as to their position on Defendant's Motion **by June 11, 2025.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 6, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE