IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LAUREN SPURLOCK;
HEATHER SMITH; and
SHAWN ZMUDZINSKI, individually and
on behalf of all other similarly situated,

           Plaintiffs,

v.                                                      CIVIL ACTION NO. 3:23-0476

WEXFORD HEALTH SOURCES, INCORPORATED,

           Defendant.

**MEMORANDUM OPINION & ORDER**

On July 2, 2025, Defendant Wexford Health Sources filed a Motion to Correct Docket (ECF No. 184) asking this Court to seal documents previously unsealed pursuant to this Court's June 6, 2025 Memorandum Opinion & Order.

On March 24, 2025, Plaintiffs filed their motion for class certification and a partially redacted memorandum in support. Contemporaneously, they filed their Motion to Strike Confidentiality Designations of Documents, or in the Alternative File Provisionally Under Seal (ECF No. 140). Plaintiffs moved for the following relief:

> Plaintiffs, through counsel, hereby move the Court to strike the confidentiality designations of certain exhibits currently being filed provisionally under seal and allow Plaintiffs to refile their Motion for Class Certification without redaction and with ***all exhibits unsealed***, or in the alternative, keep the documents under seal **should Defendant provide sufficient justification** for maintaining the designation, as required by Fed. R. Civ. P. 26 and this Court's Local Civil Rule 26, which Plaintiffs do not have any expectation Wexford will be able to do.

ECF No. 140 at 1 (emphasis added).

The docket shows that Plaintiffs filed this Motion with 19 attachments:

| Attachment | Description |
|---|---|
| 1 | Exhibit Plaintiffs Memorandum in Support of Plaintiffs' Motion for Cl |
| 2 | Exhibit 6 |
| 3 | Exhibit 10 |
| 4 | Exhibit 11 |
| 5 | Exhibit 12 |
| 6 | Exhibit 14 |
| 7 | Exhibit 15 |
| 8 | Exhibit 17 |
| 9 | Exhibit 19 |
| 10 | Exhibit 22 |
| 11 | Exhibit 23 |
| **12** | **Exhibit 24** |
| **13** | **Exhibit 25** |
| **14** | **Exhibit 26** |
| 15 | Exhibit 28 |
| 16 | Exhibit 30 |
| 17 | Exhibit 34 |
| 18 | Exhibit 36 |
| 19 | Exhibit 37 |

*See* ECF No. 140 (emphasis added).

In the Argument section of Plaintiffs' Motion, Plaintiffs argued that a list of exhibits "do not fall into any of the recognized categories of information protected as confidential" and should be unsealed: Exhibits 6, 10, 11, 12, 14, 15, 17, 19, 22, 23, 28, 30, 34, 36, and 37. ECF No. 140 at 3-4. Seemingly, this was an implicit concession that Exhibits 24, 25, and 26 did fall into recognized categories of information that are often protected as confidential.[1] Plaintiffs' Reply further argues:

---

[1] Both parties argued in their briefing that the common law standard applied to class certification materials. *See* ECF No. 140 at 2; ECF No. 144 at 4; ECF No. 146 at 2 ("Both parties agree that at the class certification stage, the common law presumption of access applies to the records at issue here."). The parties cited several cases from districts within the Fourth Circuit, each of which relies heavily on a single case in the Middle District of North Carolina. In that case, the court concluded that there was not a First Amendment right of access because class actions were first authorized in 1938. *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) ("The Court has located no case finding a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today."). That case is not binding on this Court and, for the reasons discussed at length in the June 6, 2025

"Wexford's confidentiality designations should be stricken and all briefing (and associated exhibits) relating to Plaintiffs' Motion for Class Certification (ECF 137) should be publicly filed." ECF No. 146 at 1.

Now, Wexford argues that "Plaintiffs ***did not*** move to strike the confidentiality designation of Exhibits 24-26, which contain Wexford and Bantry Group 2015-2018 Consolidated Financial Statements; Wexford and Bantry Group 2020 Consolidated Financial Statements; and Wexford and Bantry Group 2021-2022 Consolidated Financial Statements." ECF No. 184 at 3. Defendant further argues:

> Because Exhibits 24-26 were not addressed in Plaintiffs' Motions to Strike Confidentiality Designations of Documents, or in the Alternative File Provisionally Under Seal, Wexford never specifically undertook it upon itself to argue that these Exhibits should not be unsealed. As has been made clear in Wexford's prior filings (ECF Nos. 171-173), Wexford takes the position that these documents should remain sealed. As a result, Wexford requests that ECF No. 163-10, 163-11, 163- 12 be removed from the public docket until some time that a motion has been made to unseal them, as this has not happened to date.

*Id.* The "prior filings (ECF Nos. 171-173)" were filed after the Court published its June 6, 2025 Memorandum Opinion & Order (ECF No. 161).

Defendant's Motion fails for at least two independent reasons. First, Plaintiffs *did* reference Exhibits 24, 25, and 26 and attached those exhibits to their Motion. Second, federal courts in the Fourth Circuit do not simply seal exhibits until a motion is made to unseal them. The Fourth Circuit has outlined the proper procedure for district courts presented with a request to seal judicial records or documents:

---

Memorandum Opinion & Order, the Court respectfully disagrees with its analysis. *See Spurlock v. Wexford Health Sources, Inc.*, No. CV 3:23-0476, 2025 WL 1617218, at *1-4 (S.D.W. Va. June 6, 2025) ("The First Amendment likely provides a right of access to the class certification materials in this case.").

> [T]he district court first 'must determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.' A district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988)) (internal citation omitted).

The Court has an obligation to consider the public's interest when presented with a request to file an exhibit under seal, not only when presented with a request to unseal an exhibit. Both the protective order entered in this case and the local rules acknowledge this. *See* ECF No. 24 (describing procedure in post-discovery phase to use document designated confidential as an exhibit); L.R. Civ. P. 26.4(c)(2) (requiring "a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals"). Here, Plaintiffs filed a motion to strike confidentiality designations or, in the alternative, file the attached exhibits under seal "should Defendant provide sufficient justification for maintaining the [confidentiality] designation." ECF No. 140 at 1. For documents to be filed under seal, one party needed to present reasons to seal the materials. *Virginia Dep't of State Police*, 386 F.3d at 575.

Finally, the Court is not inclined to seal documents that have previously been unsealed. Judges "do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again." *Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1582625, at *2 (D. Md. June 4, 2025) (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)).

The Court **DENIES** Defendant's Motion to Correct Docket (ECF No. 184). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

    ENTER:    July 3, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE